# *Ex parte* Strobach.

*Application for Certiorari, or other Remedial Writ, to revise and annul Order of Circuit Court, in matter of Appointment of Bailiffs by Sheriff.*

1. *When remedial writ will not be granted.* — This court will not grant a *certiorari*, or other remedial writ, for the correction of errors which are not prejudicial to the party complaining, or the annulment of orders which are merely extra-judicial, and incapable of legal injury.

2. *Appointment of bailiffs.* — An order made by the presiding judge of the Circuit Court of Montgomery, in term time, and entered on the minutes, in these words : " It appearing to the satisfaction of the presiding judge that more persons are employed by the sheriff in the capacity of bailiffs, than are necessary for the transaction of the business of this court ; it is therefore ordered, that hereafter no more than two bailiffs, with the sheriff, are necessary to be employed to attend upon the sessions of this court, and that the Commissioners' Court of said county be handed a copy of this order for their information," is extra-judicial, and an improper interference with the discretion which is by law reposed in the sheriff.

3. *Constable ; right to office, how determined.* — When a person has received a commission as constable, has given bond, and taken the oath of office, his right to the office, or his subsequent vacation of it, can only be determined by a direct proceeding to which he is a party.

APPLICATION by Paul Strobach, sheriff of Montgomery County, for a writ of *certiorari*, or other remedial writ, directed to the Circuit Court of Montgomery County (Hon. J. Q.

SMITH presiding), to bring up and annul an order, made and entered by said presiding judge on the minutes of said court, in these words : —

" In the matter of the employment of bailiffs in the Circuit Court of Montgomery County. It appearing to the satisfaction of the presiding judge, that more persons are employed by the sheriff in the capacity of bailiffs, than are necessary for the transaction of the business of this court; it is therefore ordered, that hereafter no more than two bailiffs, with the sheriff, are necessary to be employed to attend upon the sessions of this court, and that the Commissioners' Court of Montgomery County be handed a copy of this order for their information. It is also held by the presiding judge, that James Nettles is improperly summoned by the sheriff to attend as bailiff, as he is shown not to be a constable of Montgomery County ; of which said sheriff had notice. Signed in term time, and ordered to be entered upon the minutes, this 23d day of June, 1873."

The petitioner alleged that six bailiffs were necessary to discharge all the duties required by the daily transaction of business in said court ; that he had summoned that number, including said James Nettles, who had been regularly commissioned as constable, had given bond, taken the oath of office, and was acting as constable in said county ; that the conduct of said Nettles was respectful and obedient ; and no charge of misconduct had been preferred against him ; that the petitioner had no notice of said order until two days after its date, and that he could have disproved the statements of fact therein contained, if he had been allowed an opportunity to do so. The prayer of the petition was for a *certiorari*, or such other remedial writ as might be necessary, that said order might be certified to this court, and be here vacated, set aside, and quashed.

STONE & CLOPTON, for the petitioner.

BRICKELL, J. — If the errors in the proceedings of the Circuit Court, which are insisted on by the counsel for the petitioner, exist, we cannot see that they operate to his injury. No remedial writ will be awarded, at the instance of any party, for the correction of errors which are not prejudicial to him. *Cushing* v. *Gay*, 10 Shep. 9. All the proceedings of the Circuit Court, contained in the transcript submitted with the petition, seem to be extra-judicial, and incapable of legal injury. The judge of the Circuit Court declares that more persons are employed by the sheriff as bailiffs, than are necessary for the transaction of the business of the court; and directs that thereafter not more than two are necessary to attend upon the

[Lyles *v.* Clements.]

sessions of the court, and directs a copy of this declaration to be handed to the Commissioners' Court.

The general law declares that the sheriff must summon three constables to attend on the Circuit Court, and subjects them to a fine, if, without good excuse, they fail to attend. R. C. § 755. A special statute, applicable to the County of Montgomery, authorizes the sheriff to employ as many bailiffs as may be necessary. Acts of 1853–4, p. 245. The object of this statute, doubtless, was, to remove the limitation of number, as expressed in the general law, committing to the sheriff a discretion as to the number he should employ. If, as is suggested might occur, the sheriff, under the pretence of exercising this discretion, should obtrude on the court persons offensive to its order and decorum, or such a number of bailiffs as really obstructed, instead of expediting its business, the court doubtless has an inherent power of protecting itself, by punishing him for a contempt; and by forcing the exclusion of such bailiffs, as it could enforce the exclusion from its presence of any other person, who did not observe its order and decorum. A sheriff is responsible for the acts of those he summons as bailiffs, and we think he should have a large discretion, with which a court should hesitate to interfere, in determining for whose acts he will assume responsibility. If, as has been argued, the sheriff should summon a greater number of bailiffs than was necessary, and thus subject the county treasury to improper and burdensome charges, that is a matter on which the Commissioners' Court must pass, when to them the claims for compensation are presented. There the question arises, and there it must be determined. The Circuit Court should not, and cannot, undertake to determine that question for them.

So much of the order as declares that Nettles is not a constable is wholly unwarranted, if the facts stated in the petition are true, and certainly is not prejudicial to the petitioner. If Nettles has the commission, has given bond, and taken the oath of office, as alleged in the petition, his right to, or vacation of the office, can only be determined in a direct proceeding to which he is a party.

The motion is denied.