[No. 20829.   In Bank. — September 24, 1891.]

# Ex parte JAMES H. WIDBER, on Habeas Corpus.

Rooms for Superior Court — Power of Court. — Under section 144 of the Code of Civil Procedure, providing that if suitable rooms and necessary furniture, stationery, etc., sufficient for the transaction of the business of the superior court, be not provided by the supervisors of the county, the court or a judge thereof may direct the sheriff to provide the same, and that "the expenses incurred, certified by the judge or judges to be correct, shall be a charge against the city and county treasury, and paid out of the general fund thereof," the power of the court is limited and measured by the terms of the section.

Id. — Auditing Demand for Expenses — Duty of Judge — Duty of Treasurer — Mandamus. — It is the duty of the judge of the court to audit the demand for expenses incurred in pursuance of section 144 of the Code of Civil Procedure, and it is not necessary that the supervisors should also audit it; and when so audited, the duty of the treasurer to pay it out of the general fund is a duty imposed upon him by law, a neglect or refusal to perform which renders him liable to proceedings by writ of *mandamus*, or other appropriate remedy.

Id. — Limitation of Power of Court — Order to Treasurer — Contempt — Habeas Corpus. — The power of the judge under that section is exhausted after his auditing of the demand for expenses incurred, and the court has no inherent statutory power to order the treasurer, who is neither an officer of the court nor a party to the proceeding, to pay the certified demand out of the general fund, and a refusal to obey such order does not render the treasurer amenable to proceedings for contempt of court. If restrained of his liberty for such contempt, he will be discharged upon writ of *habeas corpus*.

Application to the Supreme Court for a discharge upon a writ of *habeas corpus*. The facts are stated in the opinion of the court.

*John H. Durst*, for Petitioner.

*A. P. Black*, contra.

Garoutte, J. — This is an application for a writ of *habeas corpus*.

The petitioner alleges that he is unlawfully restrained of his liberty by the sheriff of the city and county of San Francisco.

Section 144 of the Code of Civil Procedure is as follows: —

" Sec. 144. If suitable rooms for holding the superior

courts and the chambers of the judges of said courts be not provided in any city and county, or county, by the supervisors thereof, together with the attendants, furniture, fuel, lights, and stationery sufficient for the transaction of business, the courts, or the judge or judges thereof, may direct the sheriff of the city and county, or county, to provide such rooms, attendants, furniture, fuel, lights, and stationery, and the expenses incurred, certified by the judge or judges to be correct, shall be a charge against the city and county treasury, and paid out of the general fund thereof."

The board of supervisors of the city and county of San Francisco having failed to provide suitable apartments, furniture, stationery, etc., sufficient for the transaction of the business of department 11 of the superior court of said city and county, said department 11, Hon. James M. Troutt presiding, made an order that the sheriff of the city and county of San Francisco provide such apartments, furniture, stationery, etc., sufficient for the transaction of the business of said department of the court. The sheriff complied with the aforesaid order, and incurred certain expenses in the sum of $1,867.42 therefor, and said expenses were certified to be correct by said James M. Troutt, judge of department 11 of the superior court of said city and county. Thereafter an order of court was made declaring that such expenses were a charge against the treasury of the city and county of San Francisco, and it was further ordered and adjudged that the treasurer of said city and county forthwith pay out of the "general fund" the aforesaid bills and expenses. A copy of this order was served upon the petitioner, treasurer of the city and county of San Francisco, and he refused to comply with its terms, whereupon such proceedings were had that he was adjudged guilty of contempt, and ordered committed to the custody of the sheriff.

In the solution of the question as to the legality or illegality of petitioner's imprisonment, it is only necessary to determine whether or not the court had any au-

thority in law to make the order requiring the treasurer to pay these expenses. If the order was made without authority in law, the treasurer was not bound to obey it, and his refusal constituted no contempt. That portion of the order of the court declaring the expenses to be a charge against the treasury of the city and county of San Francisco is purely surplusage; for the statute expressly provides that the act of the judge in certifying to the correctness of these expenses constitutes them a charge against the city and county treasury, to be paid out of the general fund. It will be conceded upon all sides that it is the duty of the board of supervisors to prepare suitable rooms, furniture, stationery, etc., for the use of the judges of the superior courts of this state, and public officers are presumed to know their official duties. It is also conceded that the board of supervisors of the city and county of San Francisco in the line of their official duties failed to provide suitable rooms, furniture, lights, etc., for department 11 of the superior court of said city and county. It is immaterial whether such failure was willful and intentional, or arose through negligence and neglect. The evil results to ensue from the failure would be the same. The articles enumerated are necessities required in order that courts may exist and the law be administered; and the legislature undoubtedly recognized these facts when it provided that if these articles were not furnished, the court should have the power to provide them forthwith, and thus the progress of its business would not be retarded, and the administration of justice would flow on without interruption. This power vested in the judge or court is not an unlimited power, and therefore not a dangerous power. This section of the code does not open wide the doors of the city treasury, and place the keys of the treasure-vaults in the hands of the judiciary, with an invitation to enter and partake *ad libitum,* as petitioner would insist, but the power is measured by the section, and expenditures made in excess of the limitation of the statute would be made without authority of law.

It is not necessary that these demands should be audited by the board of supervisors; for the legislature in the section of the code itself provided that the judge should be the auditing officer. The act of the board of supervisors in auditing such demands would be an idle thing, purely *pro forma;* for it would have no authority to reduce or increase the amount of the demand as certified by the judge. Indeed, the legislature never intended that the board of supervisors should audit these demands, which are created in direct opposition in most cases to their wishes and desires, and to which the board may be hostilely inclined. *Ex parte Reis*, 64 Cal. 233, and especially the concurring opinion of Mr. Justice Thornton, 242 et seq., would seem to conclusively establish the correctness of the foregoing views.

This demand being a charge against the city and county treasury, to be paid out of the general fund, can the payment thereof be enforced against the county treasurer by proceedings in contempt? In other words, had the court the power to order the petitioner to pay this money from the general fund of the treasury? If it had the power to make the order, it had the power to enforce that order by contempt proceedings; but we find nothing in the provisions of the section giving the court any such power, and it certainly had not the inherent power to make the order, for such power was not a necessary incident to the court in order that its previous acts might fully and truly accomplish the results intended and desired. The demand had ripened into a legal liability against the city and county, and remedies were not lacking to enforce its payment; again, the treasurer was not an officer of the court, and in no way was he a party to the proceedings. Under the above circumstances, the court certainly had no inherent power to make an order placing the petitioner in the unpleasant and perilous position of either paying out the people's money or be punished for contempt of court. Under the provision of the code the court does not even audit the demand; that act is performed by the

judge, and when performed, the power given under this section is exhausted, and whatever duty devolves upon the treasurer thereafter in relation to such demand is a duty imposed by law, and a neglect or refusal to perform that duty renders him liable to proceedings by writ of *mandamus,* or other appropriate remedy.   The cases of *Ex parte Reis,* 64 Cal. 233, and *Boys' and Girls' Aid Society* v. *Reis,* 71 Cal. 627, add no weight to respondent's position.   The latter case is a proceeding in *mandamus;* and in the matter of *Ex parte Reis,* 64 Cal. 233, the language of the statute was: "And paid out of the treasury of the county on the order of the court."   These words are italicized in the opinion of Mr. Justice McKinstry; and it is patent from a casual reading of the decision that if the statute had not contained the words "on the order of the court," the petitioner would never have been remanded.

We conclude, therefore, that the court neither had inherent power nor power granted by statute to make the order requiring petitioner to pay out the city and county's money upon the certified demand, and that a refusal to obey such order did not render the petitioner amenable to proceedings in contempt.

Let the petitioner be discharged.

HARRISON, J., PATERSON, J., SHARPSTEIN, J., MCFARLAND, J., and DE HAVEN, J., concurred.