[No. 14888.   In Bank. — February 13, 1892.]

THE COUNTY OF LOS ANGELES, PETITIONER, *v.* THE SUPERIOR COURT OF LOS ANGELES COUNTY, AND W. P. WADE, JUDGE THEREOF, RESPONDENT.

FURNISHING OF COURT-ROOM — POWER OF SUPERIOR JUDGE — UNFINISHED COURT-HOUSE — DELAY OF SUPERVISORS — PROHIBITION. — Under section 144 of the Code of Civil Procedure, providing that if suitable rooms for holding superior courts are not provided by the supervisors of the county, together with the furniture, fuel, etc., sufficient for the transaction of business, the courts, or the judge or judges thereof, may direct the sheriff to provide such rooms, fuel, etc., a judge is only authorized to order the sheriff to provide the quarters, furniture, etc., presently required by the court for the transaction of its business, and is not authorized to anticipate the action of the board of supervisors in completing and furnishing an unfinished court-room in a new court-house or to interfere with their contracts in that behalf, although there has been unnecessary and unreasonable delay on the part of the board in completing the court-house, and he will be prevented by writ of prohibition from enforcing an order to the sheriff to furnish such unfinished room.

ID. — EXCLUSIVE CONTROL OF SUPERVISORS — INTERFERENCE OF JUDGE. — The completion and furnishing of a new court-house is a matter within the legitimate and exclusive control of the board of supervisors, and it is their duty to make all necessary contracts to that end; and though the superior judge may, under proper circumstances, order the temporary furnishing of a court-room outside of the court-house, or may, after court-rooms are finished and assigned to him, order such additional furniture as may be necessary, he has no jurisdiction to interfere with the action of the supervisors, or take the completion and furnishing of the court-rooms out of their hands.

Prohibition to the Superior Court of Los Angeles County. The facts are stated in the opinion of the court.

*James McLachlan*, for Petitioner.

*E. L. Campbell*, and *Carran & Mathews*, for Respondent.

The Court. — This is an original proceeding in prohibition to restrain the enforcement of an order made by the respondent on November 14, 1891, as judge of the superior court of Los Angeles County, in the following terms: —

"It appearing to the court that no suitable court-room for the holding of the sessions of this court in department 3, together with the chambers of the judge of said department, has been provided by the board of supervisors of Los Angeles County, together with the necessary furniture for the transaction of the business of this department; and it further appearing that the board of supervisors have provided certain rooms in the new court-house of said county for this department, which rooms are now in course of preparation and almost in a condition for occupancy; and it further appearing to the court that no provision has been made by the board of supervisors for the necessary furniture of said court-room and chambers, and that some time will be consumed in preparing such furniture for said rooms in a fit and proper manner to render them available for the use of said department, beyond the time necessary to finish said court-room and chambers, — the sheriff of said county is hereby ordered and directed to provide such furniture as shall be necessary for the use of the court in the transaction of business for the court-room, judge's chambers, jury-room, reporter's room, and witness-room, lights and fuel, to be reported to the judge of this department.    Wm. P. Wade,

"Judge of Superior Court."

The only question to be decided is one of authority. Did the respondent have jurisdiction to make this par-

ticular order?   Section 144 of the Code of Civil Procedure is the only provision of law from which such a power can be derived.   It reads as follows: " If suitable rooms for holding the superior courts and the chambers of the judges of said courts be not provided in any city and county, or county, by the supervisors thereof, together with the attendants, furniture, fuel, lights, and stationery sufficient for the transaction of business, the courts, or the judge or judges thereof, may direct the sheriff of the city and county, or county, to provide such rooms, attendants, furniture, fuel, lights, and stationery, and the expenses incurred, certified by the judge or judges to be correct, shall be a charge against the city and county treasury, and paid out of the general fund thereof."

The facts disclosed by the uncontradicted allegations of the petition, and by the answer of the respondent, which, for the purposes of this decision, we assume to be true in every particular, are these: At the date of the order in question, the county of Los Angeles was engaged in the construction of a court-house, the third story of which was then, and is still, unfinished, the contractors having until February 20, 1892, to complete the same.   The rooms and offices designed for the accommodation of department 3 of the superior court, of which respondent is the presiding judge, are in the unfinished part of the building.   There has been unnecessary and unreasonable delay on the part of the board of supervisors in completing the building, and meantime department 3 is occupying quarters which are unwholesome, offensive, and otherwise unsuitable and insufficient.   For the purposes of this decision we assume these to be the facts, and that a case exists which would justify the respondent in making such an order as is authorized by section 144 of the Code of Civil Procedure above quoted.

The only question which we shall consider is, whether said order is in itself, and without reference to the allegations and denials of the petition and answer, such an

order as section 144 of the Code of Civil Procedure authorizes.

The recitals of the order show with sufficient clearness that the design is to anticipate the action of the board of supervisors in completing and furnishing an unfinished room in the new court-house. The completion and furnishing of this county building is a matter within the legitimate control of the board of supervisors, and it is their duty to make all necessary contracts to that end. Their right to do so, it seems to us, must necessarily be exclusive, for otherwise great confusion would result. If each of the judges of the superior court has the power, when he thinks the supervisors are unnecessarily delaying the completion and furnishing of a court-house, to take the matter out of their hands and order the necessary work done, or the necessary furniture to be procured by the sheriff, it is easy to see what confusion would ensue. We do not think the court and judges have such power. The power conferred by section 144 is justified only by the necessity which may sometimes demand its exercise, and ought not to be enlarged by construction. All that it authorizes is an order requiring the sheriff to provide the quarters, or furniture, or lights, etc., which the court presently requires for the transaction of its business. It does not authorize the court or judge to take out of the hands of the board of supervisors the building, completion, or furnishing of a court-house, or to interfere with their contracts in that behalf. In this respect the order here in question goes beyond the statute in attempting to anticipate and preclude the action of the board of supervisors in a matter which they have in hand, and the control of which is given to them.

If, as respondent alleges, they are unreasonably delaying the completion and furnishing of his court-room, that circumstance may justify him in ordering the sheriff to procure and furnish rooms outside of the court-house, but it does not give him the right to interfere with what they are doing. When his rooms are finished

and assigned to him, if found insufficiently furnished and provided, it may be that he will have the power to order the sheriff to provide such additional furniture, etc., as may be needed, but he cannot, upon the mere supposition that the board of supervisors will fail to furnish the room designed for the court promptly upon its completion, anticipate them in the performance of their duty.

For these reasons, we think the alternative writ of prohibition heretofore issued should be made absolute, and it is so ordered.