[Crim. No. 539.  In Bank.—May 11, 1899.]

## Ex parte I. J. TRUMAN, on Habeas Corpus.

COUNTY TREASURER—ORDER TO PAY STENOGRAPHER—CONTEMPT PROCEEDINGS—HABEAS CORPUS.—The refusal of the treasurer of the city and county of San Francisco to obey the order of a judge of the superior court, directing him to pay certain moneys to the stenographic reporter of the judge's court, cannot justify proceedings against him for contempt; and if ordered to be imprisoned therefor, he will be released upon *habeas corpus*.

ID.—DUTY OF TREASURER.—It is the duty of the treasurer to refuse to pay all demands which he believes to be illegal, and also any legal demand which is presented for payment without previous compliance with the requirements of the law.

ID.—MANDAMUS—RIGHT OF DEFENSE.—The remedy for the refusal of the treasurer to pay a legal and collectible demand is by *mandamus;* in which proceeding the treasurer may make such defenses to the enforcement of the claim as he may deem meritorious.

WRIT of *habeas corpus* to the sheriff of the City and County of San Francisco to review a commitment for contempt by the Superior Court of the City and County of San Francisco. Carroll Cook, Judge.

The facts are stated in the opinion of the court.

John H. Dickinson, and I. J. Truman, Jr., for Petitioner.

George D. Collins, for Respondent.

J. C. Campbell, *Amicus Curiae.*

THE COURT.—This is an application for a writ of *habeas corpus* by I. J. Truman, treasurer of the city and county of San Francisco.

The superior court of the city and county of San Francisco, and Hon. Carroll Cook, judge thereof, had made its order

directing the treasurer to pay certain moneys to the steno-
graphic reporter of the judge's court. The order was based
upon section 274 of the Code of Civil Procedure as it stood be-
fore the unconstitutional amendment of 1885. It reads: "In
criminal cases, when the testimony has been taken down or
transcribed upon the order of the court, the fees of the reporter
shall be certified by the court and paid out by the treasury of
the county or city and county in which the case is tried upon
the order of the court." Upon the treasurer's refusal to com-
ply with the order and pay the moneys as directed therein, he
was cited before the presiding judge of the court in contempt
proceedings, and, after hearing, was for his refusal adjudged
to be in contempt, and ordered to be imprisoned by the sheriff
until he complied with the order of court. Upon being taken
into custody by the sheriff he sued out this writ of *habeas corpus.*

By this proceeding there is sought to be determined the valid-
ity of that portion of section 274 of the Code of Civil Procedure
above quoted. But that question is not justly presented for
determination upon this hearing. It is the duty of the treas-
urer not only to refuse to pay any and all demands which he
believes to be illegal, but also to refuse to pay a legal demand
unless it shall have been presented to him for payment after
compliance with all the forms and requirements of the law
touching the presentment of such a demand upon the treasury.
If the demand in question was a legal and collectible demand,
the stenographic reporter had his remedy in mandate, and, upon
the other hand, the treasurer, called regularly before the court
in that action, could make such defenses to the enforcement of
the claim as he deemed meritorious. But he was not a party to
the proceedings which resulted in the order of the court direct-
ing the payment, and contempt proceedings, therefore, could not
lie against him for his refusal to comply with the order. (*Ex
parte Widber*, 91 Cal. 367.)

Let the prisoner be discharged.