[Civ. No. 385.    Third Appellate District.—August 5, 1907.]

## L. A. BAUTER, Petitioner, v. SUPERIOR COURT OF SHASTA COUNTY, GEO. W. BUSH, Judge Thereof, Respondent.

CONTEMPT—DISOBEDIENCE TO MANDATE—PUNISHMENT OF SUCCESSOR IN OFFICE NOT A PARTY—WANT OF JURISDICTION—CERTIORARI.—The superior court, in a proceeding in *mandamus* to compel a former secretary of a corporation to produce all of its books for the inspection of the petitioner, is without jurisdiction to punish his successor in office, who was not a party to the *mandamus* proceeding, for contempt in not complying with the writ, and the judgment adjudging said successor guilty of contempt will be annulled upon writ of review.

PETITION for writ of review to annul a judgment of the Superior Court of Shasta County, adjudging petitioner guilty of contempt.  Geo. W. Bush, Judge.

The facts are stated in the opinion of the court.

Geo. O. Perry, and C. H. Braynard, for Petitioner.

T. W. H. Shanahan, for Respondent.

CHIPMAN, P. J.—It appears from the petition herein that petitioner was adjudged to be guilty of contempt in disobeying the writ of mandate issued in the proceeding referred to in the cause entitled *W. D. Egilbert, Petitioner,* v. *Superior Court of Shasta County, No. 384, ante,* p. 190, [91 Pac. 748], this day decided, in which this petitioner was not a party in any capacity and was not named therein.

It is alleged that petitioner was on May 18, 1907, elected as temporary secretary of the Pacific Power Company to fill a vacancy caused by the resignation of said Egilbert, until one A. A. Martin, who had been selected as permanent secretary, should be able to take such office; that a copy of the said writ was served on petitioner on May 28, 1907, and demand was then made upon him to produce and submit for inspection the books of said company; that petitioner replied to said demand that the books were not in his pos-

session or under his control, but that he would produce them as soon as he could procure possession and control of them; that thereafter he made an arrangement with T. W. H. Shanahan (who had procured said writ to issue) to submit said books to him for inspection on June 10, 1907, but that prior thereto, he, petitioner, resigned as such secretary, said Martin having become able to take up the duties of said office. It is then shown that said Shanahan took proceedings to obtain an order of the court adjudging petitioner herein to be guilty of contempt for disobeying said writ of mandate; that at the hearing of said contempt proceedings, to wit, on June 14, 1907, this petitioner answered, setting forth his appointment as secretary and resignation as aforesaid; that he was not a party to the mandate proceedings; that evidence was introduced and the court made findings upon the facts alleged by petitioner (but it is not shown what the findings were), and thereupon the said court decreed that this petitioner was guilty of contempt and imposed as punishment therefor that he be fined the sum of $100 or be imprisoned one day for each $2 thereof.

Under the facts as they appear, the question is: Had the court jurisdiction to punish petitioner for contempt of the writ issued in a proceeding brought against Egilbert alone, to which proceeding at no stage was this petitioner a party, and in which he had no opportunity to be heard and was not heard?

In our opinion the question must be answered in the negative.

Whether or not petitioner was the successor of Egilbert as secretary, he was not bound by anything adjudged in the proceedings against Egilbert alone. (*Ex parte Tinkum,* 54 Cal. 201.) It was there held that the successor in office of the county treasurer could not be punished for contempt for refusing to obey a writ issued against his predecessor who had gone out of office when the writ issued; that the judgment of the court against the former treasurer "had no validity against the petitioner, as his successor in office, because the court had not by any proper proceedings had or taken in the action, made the petitioner a party defendant in the action." (See *Ex parte Widber,* 91 Cal. 367, [27 Pac. 733]; *Ex parte Truman,* 124 Cal. 387, [57 Pac. 223]. See, also, *Sargent* v. *Cavis,* 36 Cal. 552; *Ex parte Hollis,* 59 Cal. 405.)

The judgment adjudging petitioner guilty of contempt and imposing punishment therefor is hereby vacated and declared to be null and void.

Hart, J., and Burnett, J., concurred.