[Civ. No. 429.   Third Appellate District.—April 7, 1908.]

DAVID FALCONER, Petitioner, v. J. W. HUGHES et al.,
Respondents.

COURTS—REPAIR OF COURTROOM—JURISDICTION OF SUPERIOR COURT—DIS-
REGARD OF STATUTE—MANDAMUS.—The jurisdiction conferred by
section 144 of the Code of Civil Procedure, upon the superior courts
or the judge or judges thereof, to direct suitable rooms, not other-
wise provided, is expressly limited to a direction to the sheriff to
provide said rooms, and cannot be extended by implication.   Where
the order is directed by judges of a superior court to another per-
son to repair a courtroom, such person is not entitled to a *manda-
mus* to compel such judges to audit the demand therefor.

PETITION for *mandamus* to the Judges of the Superior
Court of the County of Sacramento.

The facts are stated in the opinion of the court.

S. Solon Holl, for Petitioner.

E. S. Wachhorst, District Attorney, and J. W. S. Butler,
Assistant District Attorney, for Respondents.

PREWETT, J.—Application for a mandate to the judges
of the superior court of the county of Sacramento, requiring
them to audit a demand of petitioner for certain expenses
incurred in repairing the courtroom of one of the judges of
said court.

The only serious criticism preferred against the demand lies
in the fact that the judge directed the petitioner, *instead of
the sheriff,* to make the repairs.

Section 144 of the Code of Civil Procedure provides as fol-
lows: "If suitable rooms for holding the superior courts and
chambers for the judges of said courts be not provided . . .
the courts, or the judge or judges thereof may direct the
sheriff to provide such rooms," etc.

The grant of this power is limited, by the express language
of its own terms, to a direction to the sheriff.   This power
cannot be extended by implication.   (*Los Angeles Co.* v. *Su-
perior Court,* 93 Cal. 380, [28 Pac. 1062].)   In this case the

court says: "The power conferred by section 144 is justified only by the necessity which may sometimes demand its exercise and ought not to be enlarged by construction. All that it authorizes is an order requiring the sheriff to provide quarters or furniture or lights, etc., which the court presently requires for the transaction of its business."

The power of the court or judge is measured by the section. (*Ex parte Widber,* 91 Cal. 367, [27 Pac. 733].)

These are the only cases called to our attention that seem to be in point. It was the intention of the legislature to authorize the court to provide suitable rooms, etc., where the supervisors have failed or refused to provide them; and the power given to the court is restricted to directing the sheriff to do the work or make the purchases. If the sheriff should neglect or refuse to execute the directions of the court, it may be that the power should be extended so as to authorize the court, in cases of necessity, to cause the work to be done or the purchases to be made by some other person; but we do not think that the court can disregard the statute and give its directions to persons other than the sheriff without first having called upon him to execute its directions.

As was said in *Ex parte Widber,* 91 Cal. 367, [27 Pac. 733] : "This power vested in the judge or court is not an unlimited power, and therefore not a dangerous power. This section does not open wide the doors of the treasury and place the keys of the treasury vaults in the hands of the judiciary, with an invitation to enter and partake *ad libitum* as petitioner would insist, but the power is measured by the section, and expenditures made in excess of the limitation of the statute would be made without authority of law."

It follows that the demurrer should be sustained, and it is so ordered.

Chipman, P. J., and Burnett, J., concurred.