(No. 4947.  October 7, 1927.)

STATE, Respondent, v. CHARLES LEAVITT, Appellant.

[260 Pac. 164.]

CRIMINAL LAW — RAPE — APPOINTMENT OF BAILIFFS — SEPARATION OF JURY—EFFECT OF, BY SHOWING ABSENCE OF PREJUDICE—PROPER VENUE — READING PART OF TESTIMONY, EFFECT — ABSENCE OF PROSECUTING ATTORNEY — INSTRUCTION — EXCEPTION OR ASSIGNMENT OF ERROR NO PROOF OF FACTS—PRESUMPTION—CORROBORATING EVIDENCE, SUFFICIENCY OF.

1. Under C. S., secs. 3596, 3609, 3700, 6487, courts of record have inherent power to appoint bailiffs in case of exigency, but

Points Decided.

such exigency must arise from some peculiar emergency, or where agency vested by law with power to appoint has neglected or refused to perform its duty.

2. In prosecution for rape, appointment of bailiff by court to take charge of jury, without declaring necessity therefor, constituted bailiff *de facto* officer, assisting court in due exercise of its functions, and did not constitute error, without showing of prejudice to defendant thereby.

3. Under C. S., sec. 8973, lodging jurors overnight in three adjoining rooms on same floor of hotel, and at all times under care and control of bailiff, without communication with anyone, *held* not error.

4. An unwarranted separation of jury constitutes only a *prima facie* right to new trial, which may be overcome by the state showing absence of prejudice to defendant.

5. In prosecution for rape, evidence *held* to establish proper venue.

6. Statement that the court had misdirected jury in a matter of law *held* too vague to require consideration thereof on appeal.

7. Where, after jury requested reading of evidence of complaining witness and defendant, court ordered reading to proceed until entire testimony of complaining witness had been read, at which time juror interposed to effect that they only wanted certain parts of testimony, action of court in having just that portion of defendant's testimony read thereafter *held* not error.

8. Defendant, in prosecution for rape, has no right to complain that testimony was read to jury, in the absence of and without the presence of prosecuting attorney, in accordance with C. S., sec. 8979.

9. Reading instruction, in prosecution for rape, without notice to defendant's attorney, *held* not to constitute error, where one of defendant's counsel was present.

10. Instruction, in prosecution for rape, relative to resistance of woman until physically exhausted and powerless to further resist, *held* not argumentative, but correct, and simple statement of the law.

11. An exception or assignment of error cannot be accepted as proof of facts therein alleged, it being necessary that there be something in the record positively showing what the judge actually did or did not do.

12. In absence of any positive showing as to what actually occurred during trial of case, the presumption must be indulged in favor of trial court.

Argument for Appellant.

13. In prosecution for rape, evidence corroborating that of prosecutrix *held* sufficient to sustain conviction.

14. Failure of court, in prosecution for rape, to instruct jury that evidence of prosecutrix must have been corroborated, *held* not erroneous, where such instruction was not requested.

15. In prosecution for rape, evidence as to resistance by prosecutrix *held* sufficient to warrant instruction on lack of consent, after resistance until physically exhausted and powerless to resist.

APPEAL from the District Court of the Tenth Judicial District, for Nez Perce County. Hon. Miles S. Johnson, Judge.

Defendant was convicted of the crime of rape, and he appeals. *Affirmed*

A. H. Oversmith, Fred E. Butler and Edward C. Butler, for Appellant.

The venue of a criminal offense is a material allegation and where it is not proven a judgment of conviction will be reversed on appeal and the cause remanded for a new trial. (*State v. Siepert*, 38 Ida. 20, 225 Pac. 135.)

After the jury has retired, if there be any disagreement between them or if they desire to be informed upon any

Publisher's Note.

1. See 16 R. C. L., Jury, sec. 129.

4. Separation of jury in criminal case, see note in 60 Am. Rep. 73. Presumption of prejudice from separation of jury, see notes in 1 Ann. Cas. 287; Ann. Cas. 1914A, 737; Ann. Cas. 1916A, 253. See, also, 16 R. C. L., Jury, sec. 117.

11. See 2 R. C. L., Appeal, sec. 69.

See Appeal and Error, 3 C. J., sec. 1510, p. 1365, n. 86.

Courts, 15 C. J., sec. 205, p. 872, n. 99, 1.

Criminal Law, 16 C. J., sec. 1572, p. 767, n. 87; sec. 2500, p. 1058, n. 37; sec. 2530, p. 1078, n. 46; sec. 2559, p. 1090, n. 58, 64; sec. 2675, p. 1167, n. 3. 17 C. J., sec. 3335, p. 69, n. 35; sec. 3458, p. 167, n. 77; sec. 3479, p. 182, n. 47; sec. 3554, p. 208, n. 77; sec. 3560, p. 213, n. 30; sec. 3714, p. 354, n. 82.

Rape, 33 Cyc., p. 1498, n. 92, p. 1505, n. 29.

point of law, they may be brought into court and the information required "must be given in the presence of, or after notice to, the prosecuting attorney and the defendant or his counsel, or after they have been called." (C. S., sec. 8979.)

After hearing the charge, the jury upon retiring must be kept "by an officer" who must be sworn to keep them *together* in some private and convenient place. (C. S., sec. 8973; 16 C. J. 1074; *State v. Chacon*, 36 Ida. 148, 209 Pac. 889; *State v. Chacon*, 37 Ida. 442, 216 Pac. 725.)

The court should not indicate whether the instructions are given upon the court's own motion or upon the request of either party. (*State v. Marren*, 17 Ida. 766, 107 Pac. 993.)

The instructions to the jury must be based upon the evidence in the case. (*Territory v. Evans*, 2 Ida. 425, 17 Pac. 139.)

It is absolutely necessary that the court instruct the jury that the testimony of the prosecutrix must be clearly corroborated. (*State v. Bowker*, 40 Ida. 74, 231 Pac. 706; *State v. Anderson*, 6 Ida. 706, 59 Pac. 180; *State v. Short*, 39 Ida. 446, 228 Pac. 274; *State v. Hines*, 43 Ida. 713, 254 Pac. 217.)

Where the defendant specifically denies the testimony of the prosecutrix as to the commission of the alleged offense the testimony of the prosecutrix is not sufficient unless corroborated. (*Force v. State*, 105 Neb. 175, 179 N. W. 387.)

It is error for the court to give an instruction which is argumentative in form and directs the attention of the jury especially to certain portions of the evidence or suggests to the jury certain inferences of fact, to be drawn therefrom, thereby singling out for their consideration particular facts favorable to either the state or defendant and ignoring other evidence having a contrary tendency. (*State v. Jones*, 28 Ida. 428, 154 Pac. 378; *State v. Fleming*, 17 Ida. 471, 106 Pac. 305; *State v. Pettit*, 33 Ida. 326, 193 Pac. 1015.)

Frank L. Stephan, Attorney General, and John W. Cramer and Leon M. Fisk, Assistant Attorneys General, for Respondent.

Proof of venue may be either direct or indirect. (*State v. Siepert,* 38 Ida. 20, 225 Pac. 135; *State v. Rigby,* 41 Ida. 570, 240 Pac. 859; *People v. Manning,* 48 Cal. 335.)

The facts in this case do not constitute separation of the jury. (16 C. J. 1077; *State v. Jarrow,* 158 La. 18, 103 So. 390; *Commonwealth v. Manfredi,* 162 Pa. 144, 29 Atl. 404.)

A new trial will be denied when the state makes a showing that nothing prejudicial transpired during the separation of the jury or on account of the separation. (*State v. Chacon,* 36 Ida. 148, 209 Pac. 889; *State v. Main,* 37 Ida. 449, 216 Pac. 731.)

It is a well-settled rule of law in this state that an omission to charge on a particular point cannot be assigned as error where no instruction on the point is requested by the appellant. (*State v. Jurko,* 42 Ida. 338, 245 Pac. 685; *State v. Harness,* 10 Ida. 18, 76 Pac. 788.)

An instruction on corroboration falls within this rule. (22 R. C. L. 1230; *Hanks v. State,* 88 Neb. 464, 129 N. W. 1011; *Edwards v. State,* 69 Neb. 386, 5 Ann. Cas. 312, 95 N. W. 1038; Branson's Instructions to Juries, 2d ed., sec. 126.)

It is the duty of the court to re-instruct the jury on any question on which the jury say they are in doubt and on which they ask further instructions. (*People v. Anthony,* 20 Cal. App. 568, 129 Pac. 968; *People v. M'Kay,* 122 Cal. 628, 55 Pac. 594; *State v. Kessler,* 15 Utah, 142, 62 Am. St. 911, 49 Pac. 293; *Brown v. State,* 111 Neb. 486, 196 N. W. 926.)

An assignment of error involving the manner of the trial judge in charging the jury cannot be reviewed by this court. (*State v. Corcoran,* 7 Ida. 220, 61 Pac. 1034; *State v. Hurst,* 4 Ida. 345, 39 Pac. 554.)

T. BAILEY LEE, J.—Defendant, Charles Leavitt, was convicted of the crime of rape alleged to have been com-

mitted in Nez Perce county upon the person of the prosecu-
trix, a young woman twenty-three years of age. From the
judgment and a subsequent order overruling his motion for
new trial, he appeals.

In support of his motion eight grounds were urged, the
first being that the jurors, after the submission of the cause
to them, were not kept together by the sheriff, deputy or
officer as required by statute. It appears from the record
that the bailiff in charge had been appointed by the trial
judge; that he lodged the jurors overnight in three adjoin-
ing rooms on the same floor in a local hotel; and, as is at-
tested by the affidavits of the twelve talesmen, they were at
all times under his care and control without communication
with anyone or opportunity therefor.

[1] The inherent power of courts of record to appoint
bailiffs when exigency demands cannot be questioned, but the
exigency must arise from some peculiar emergency or
where the agency vested by law with the power to appoint
has neglected or refused to perform its duty. This principle
has been announced in several jurisdictions having statutes
identical with or similar to our own C. S., secs. 3596, 3609,
3700, 6487, whereby the business of furnishing the court with
attendants is lodged in the sheriff or board of commissioners.
A most interesting review by Justice Sanner of the historical
exercise of such powers will be found in *State v. Sullivan,*
48 Mont. 320, 137 Pac. 392, where, holding that the district
court's appointment of a bailiff was unauthorized, the appel-
late court observed:

"The relator at bar was appointed by the district court
to render a service which by statute and by the common law
it was the right and duty of the sheriff to render, or of the
county to supply."

The same limitation upon the court's inherent power is
declared in *Mayhew v. Hamilton County,* 12 Ohio Dec.
(Reprint) 565; *Ex parte Strobach,* 49 Ala. 443; *Nicholl v.
Koster,* 157 Cal. 416, 108 Pac. 302; *Los Angeles v. Superior
Court,* 93 Cal. 380, 28 Pac. 1062; *Halligan v. Runkle,* 174

App. Div. 497, 160 N. Y. Supp. 42; *Taylor v. State,* 49 Fla. 69, 38 So. 380.

[2] No necessity for the appointment is declared by the court; and, since no presumption can be indulged that the officers primarily charged therewith failed or neglected therein, this court is unable to determine whether or not the trial judge exceeded his authority. Suffice it to say, the bailiff appointed was a *de facto* officer assisting the court in the due exercise of its functions; and, since no resulting prejudice to the defendant has been shown, the latter cannot complain.

[3] We think there is no merit in the complaint that the jurors were not actually kept together. A reasonable construction of C. S., sec. 8973, would permit the disposition made of them by the bailiff.

"This jury were quartered at an hotel; and to compel the whole twelve to sleep in one hotel room, or in rooms with no interior communication, might not be possible without subjecting them to serious risk to health. The law makes no such unreasonable requirement." (*Commonwealth v. Manfredi,* 162 Pa. 144, 29 Atl. 404.)

[4] A case directly in point is that of *State v. Devall,* 51 La. 497, 25 So. 384. But, even where an unwarranted separation has been had, there is only a *prima facie* right to a new trial, which may be overcome by the state showing absence of prejudice to the defendant. (*State v. Chacon,* 36 Ida. 148, 209 Pac. 889; *State v. Main,* 37 Ida. 449, 216 Pac. 731.)

[5] A second ground alleged for a new trial is failure to establish venue. The father of the prosecutrix testified that he visited the scene of the alleged crime; that it was on the road to his place from the main road going to Leland, and was in Nez Perce county. In this he was corroborated by the defendant himself who, after having fixed the scene at the top of a certain hill, testified as follows:

"Q. About how far were you from the Leland road where you stopped? About how far was it? A. I should judge about 117 paces.

"Q. About as Mr. Schetzle testified? A. Yes, sir."

The witness, Gruell, who saw defendant's car stopped on the hill, also corroborated the testimony given by Schetzle. Aside from this, there was other evidence. Schetzle had testified that the ground at the particular spot was "all clawed up and torn with feet marks; dust and dead grass where it had wilted." The prosecutrix had sworn to a struggle and the loss of her wrist watch and chain. The watch and broken chain were later found at the designated location where the ground and weeds had been trampled and torn. We think that the record taken altogether, conclusively establishes the proper venue.

[6] The third assignment was: "That the court has misdirected the jury in a matter of law," a statement too vague to be considered.

The fourth ground was: "Misconduct of the court in reading all the testimony of the complaining witness and only a portion of the testimony of the defendant."

[7] It appears from the record that after the jury retired, it returned into court and requested that the entire evidence of both the complaining witness and the defendant be read. The court so ordered, and the reading proceeded, until a juror interposed: "If the court, please, we only want the part of the testimony referring to the occurrence at the car." The entire testimony of the complaining witness when first on the stand having already been read, the court directed the reporter to read that part of the defendant's testimony pertaining to the transaction at the car, and suggested that there was also some further testimony given by the prosecutrix when recalled. At this point Mr. Butler, one of defendant's counsel, apparently addressing the court, said: "I think now they simply want the testimony pertaining to the transaction at the car." Whereupon, the court asked the jury: "That was all you wished, was it, gentlemen, just the evidence concerning the transaction at the car?" to which the jurors answered: "Yes." The reporter then read certain parts of defendant's testimony denominated in the transcript, which apparently covers all his

testimony touching the specific occurrence. No contention was made at the time that any portion of the testimony requested had been omitted, nor is any specification now made in that respect. We can find nothing upon which to predicate error.

[8]  The fifth ground was the court's action in permitting the testimony to be read to the jury in the absence of, and without the presence of the prosecuting attorney. C. S., sec. 8979, provides that when the jury returns into court for information concerning disputed testimony on any point of law arising in the cause, such information must be given in the presence of, or after notice to, the prosecuting attorney and the defendant or his counsel, or after they have been called. This section is clearly intended for the protection of both the state and the defendant. Neither can invoke its violation unless immediately affected. The state is not complaining, and the defendant cannot, for no right of his was infringed. It may be observed, however, that the state was represented at the time by special prosecutor, McCarty.

[9, 10]  The sixth ground is stated as follows:

"The court misdirected the jury in a matter of law in that on the morning of September 23d, 1926, after the jury had been out more than 15 hours, the court of its own motion, read an additional instruction without notice to the attorney for the defendant or the prosecuting attorney and during the absence of the prosecuting attorney; that such additional instruction was argumentative and intended to emphasize the existence of evidence not adduced during the trial; that undue stress and emphasis was placed upon such additional instruction by the court in that great stress was laid upon each word and the instruction given undue prominence by the method of reading; that thereupon the balance of the instructions were read in an inaudible (tone) and tended to indicate to the jury that they were of no importance."

The instruction complained of was:

"The court instructs you, however, that if a woman resists until she is physically exhausted and physically powerless to

further resist, that sexual intercourse after she is in that condition must not be considered by the jury as. consent on her part, unless she expressly consents thereto.''

We do not think the record supports the charge that the court indicated to the jury that the additional instruction was given of his own motion. Such indication must be found, if at all, in his Honor's one statement: ''The court gives you this additional instruction.'' The jury had already been admonished: ''Gentlemen, listen to the instructions of the court.'' All the instructions given were the court's instructions. He was the only one empowered to ''give'' them, and he did give them irrespective of where they came from. The very language employed protected the defendant from any inference by the jury as to the instruction's origin. The objection that the instruction was read in the absence of the prosecuting attorney has already been disposed of. That it was read without notice to defendant's attorney commands no consideration, since one of defendant's counsel was already present. Nor was it argumentative containing as it did only a correct and simple statement of the law. There is nothing before us, except mere recitations of counsel in taking exceptions, from which we can determine the court's demeanor while reading the instructions. As was said by the supreme court of Missouri in *Hutchinson v. Safety Gate Co.,* 247 Mo. 71, 112, 152 S. W. 52, 64:

'' . . . . if, the opinion of the court is conveyed to the jury by action, facial expression, insinuation, or innuendos without expression, or in such manner that it cannot be put into the record, it would be almost impossible to bring such matters before the court for review.''

[11, 12] A judge's facial expression, gestures and tones escape the reporter's record. They may be attested by affidavit, stipulation, or admitted recitation in a bill of exceptions. In *Hickey v. Webster County,* 148 Iowa, 337, 127 N. W. 658, the record of the judge's demeanor was made by affidavit in support of a motion for new trial. There are no affidavits here. The fact that counsel took exceptions to alleged demeanor of the trial judge furnishes us no proof

other than that they excepted to what they claimed to be a fact. An exception to, or assignment of error cannot be accepted as proof of facts therein alleged: there must be something in the record positively showing what the judge actually did or did not do. (3 C. J., p. 1365, sec. 1510.) In the absence of any such showing, a presumption must be indulged in favor of the trial court; and this would be the case, had a furnished affidavit been controverted by another. (*Hickey v. Webster County, supra.*) "The law clothes the judges with the presumption of poise and dignity and fairness in both mind and manner." (*State v. Driggers,* 84 S. C. 526, 137 Am. St. 855, 19 Ann. Cas. 1166, 66 S. E. 1042.) And, since there is nothing in the instant record to defeat it, that presumption must prevail here.

[13] The seventh ground was that: "The verdict is contrary to the law and the evidence." Appellant's chief contention is that the prosecutrix was not corroborated. With this we cannot agree. Her bruised and scratched body, her torn and stained underwear, her inflamed and lacerated sexual organs as described by her mother, her broken watch and chain, and the disordered and trampled ground, all speak to the corroboration the law demands. Still further corroboration was supplied by the prosecutrix's complaint to her mother early the following morning while her eyes and face still gave evidence of recent crying. Upon this evidence the jury found the defendant guilty as charged; and an inspection of the information discloses the charge was properly plead as to every essential.

The last ground was that of newly discovered evidence, but no such evidence is suggested by the record.

There was no error in denying the motion for new trial.

[14] In addition to the errors specified on his motion for new trial, appellant complains that the court failed to instruct the jury that the evidence of the prosecutrix must have been corroborated. No such instruction was given, nor was it requested; and this court has repeatedly held that "an omission to charge on a particular point cannot be assigned as error where no instruction on the point is re-

quested by appellant." (*State v. Jurko*, 42 Ida. 338, 245 Pac. 685.)

It is further contended that in giving the additional instruction heretofore discussed, the court assumed "that there was evidence in the record upon which to base such an instruction." After detailing her refusal and continued resistance, the prosecutrix testified:

"He had hold of my two wrists with one of his hands and had his arm across my throat, and after that every time I began kicking or tried to get loose he pressed his elbow on my throat and choked me. He just held my hands with one of his hands. With his other hand he pulled one of my feet kind of up over his side. It was while I was in that position he held sexual intercourse."

[15] On cross-examination, she was asked: "Did you attempt to scratch him while he was there?" Her answer was: "Yes, I attempted to do everything I could to get away." Such testimony alone was sufficient to warrant the instruction, going as it did to the gist of the crime alleged.

Finally, insufficiency of the whole evidence is charged, appellant insisting that the testimony of the prosecutrix was contradictory of that given by her on preliminary examination. In respect to certain collateral details, there was some apparent contradiction which she endeavored to explain; but, be that as it may, the jury must have believed the story she told, corroborated as it was by other and ample evidence.

Judgment and order affirmed.

Wm. E. Lee, C. J., and Budge, Givens and Taylor, JJ., concur.