[S. F. No. 5622. In Bank.—June 22, 1912.]

ISABELLA DAHLER, Respondent, v. ALL PERSONS CLAIMING ANY INTEREST IN, OR LIEN UPON, THE REAL PROPERTY HEREIN DESCRIBED, OR ANY PART THEREOF, Defendants; CARRIE E. BRIDGE et al., Appellants.

EVIDENCE—DESTRUCTION OF RECORDS—SECONDARY PROOF OF CONTENTS— PROOF OF LOSS OR DESTRUCTION OF ORIGINAL DOCUMENT.—The rule of section 1951 of the Code of Civil Procedure, declaring in effect, (1) That every instrument affecting real property, duly acknowledged, may be read in evidence without further proof; (2) That the original record of such conveyance or instrument thus acknowledged may be so read in evidence without further proof; and (3) That a certified copy of the record of such conveyance or instrument may be so read in evidence with the like effect as the original instrument without further proof, is itself a modification of the general rules of evidence requiring proof of loss or destruction or inability to produce the conveyance or instrument before secondary evidence of its contents is admissible, and should not be unduly extended. Consequently secondary evidence of the contents of such conveyance or instrument, upon proof of the destruction of the original record thereof, and without proving the loss or destruction or inability to produce the original conveyance or instrument, is inadmissible.

ID.—SECONDARY EVIDENCE OF CONTENTS OF DEED.—The testimony of a witness, purporting to give the contents of a deed, is inadmissible

without proof of the loss or destruction or inability to produce·the original.

ID.—ABSTRACT OF RECORDED DOCUMENTS—ADMISSIBILITY IN EVIDENCE.— Under section 1855a of the Code of Civil Procedure as it existed prior to its amendment in 1911 (Stats. Ex. Sess. 1911, p. 64), it is only an abstract of title made, certified to, and issued before the loss or destruction of the original recorded documents that is admissible, after their loss or destruction, as secondary evidence of the contents of such documents, without further proof than that it was prepared and made in the ordinary course of business prior to such loss or destruction. An abstract not so prepared is inadmissible where there was no proof of the loss or destruction or inability to produce the original documents, and no evidence from the makers of the abstract showing the correctness of their transcripts.

ID.—PROOF OF WANT OF KNOWLEDGE OF EXISTENCE OF ORIGINAL INSTRUMENT.—That section, as amended in 1911, requires the party undertaking to show the contents of an instrument by means of an abstract, to prove that he does not know of the existence of the original instrument.

APPEAL from an order of the Superior Court of the City and County of San Francisco refusing a new trial. George A. Sturtevant, Judge.

The facts are stated in the opinion of the court.

Thomas E. Haven, for Appellants.

Alfred B. Weiler, and Albert B. Harris, for Respondent.

SLOSS, J.—A hearing in Bank was ordered after judgment of affirmance in Department.

After further consideration we are entirely satisfied of the correctness of the views expressed by the Department and adopt the opinion of Henshaw, J., reading in substance as follows:—

"This is an action to quiet title under the provisions of the McEnerney Act. Plaintiff claimed title through her husband, who in turn, deraigned title from the Market & Stanyan streets & Golden Gate Park Land & Improvement Company. Appellants' contention in effect is that Henry M. G. Dahler, husband of plaintiff, had reconveyed the land in controversy to the Market & Stanyan streets & Golden Gate Park Land & Improvement Company, and that by mesne conveyance from

the latter title to this property vested in appellant Carrie E. Bridge. Henry M. G. Dahler testified that he had never made any deed of this property to the Market & Stanyan streets & Golden Gate Park Land & Improvement Company. The point in controversy was whether in fact such a deed had been made by him subsequent to his taking the deed from the corporation and prior to the conveyance by him to his wife. Appellants sought to show by the record that such conveyance had been made and it was conceded that if the evidence offered by the appellants to this end were admissible it would show that the record title to the property stood in appellants.

"To this end appellants showed that there was preserved from the conflagration of April 18, 1906, a general index book, an official record of the recorder's office, showing a deed from H. M. G. Dahler and wife to the Market & Stanyan streets & Golden Gate Park Land & Improvement Company of October 26, 1894. The index, however, did not contain any description of the property affected by the deed. Harry Strehl was then called and testified that he was a searcher of records, that each day's duty was to abbreviate the documents recorded in the recorder's office and to furnish this breviate to Mr. Edwards, publisher of a paper known as 'Edwards Abstracts from Records,' and that he did so furnish correct breviates to Edwards for the latter's publication. He did not know whether the publications were or were not correct copies of the notes which he furnished, but did know that his notes or breviates were correct. Mr. Edwards, in turn, secretary and manager of the Edwards Publishing Company, testified to the reception of these breviates from Mr. Strehl and the publication of them by this company, that he read the proof in each instance and saw that the publication was a correct reproduction of the notes furnished by Mr. Strehl. He was then asked, referring to his publication, 'whether or not on October 25, 1894, a deed was recorded in the office of the recorder of the city and county of San Francisco from H. M. G. Dahler and his wife to the Market & Stanyan streets & Golden Gate Park Land & Improvement Company.' Objection was made and overruled and the witness answered 'Yes,' Other questions to the same purport were asked and the answers admitted over objection.

"H. P. Platt testified that he was the cashier of the California Title Insurance & Trust Company, which company had been in the business of examining titles, preparing abstracts and issuing title insurance since 1884; that he was familiar with the records kept by that company, and that such company had an abstract which was prepared before the fire of April, 1906, showing the condition of the record title of the property in dispute as it existed on April 18, 1906. This abstract was offered in evidence, the court examining the witness in detail as to the character of the abstract and the method of its preparation. Portions of this abstract were then read, showing the record of the deeds from Dahler and wife to the Market & Stanyan streets & Golden Gate Park Land & Improvement Company covering the property involved in the action. Subsequently the court struck out the testimony of Edwards and Platt and refused recognition of the abstracts as not being such as are contemplated by section 1855a of the Code of Civil Procedure, and gave judgment for plaintiff.

"A preliminary objection interposed and insisted upon by respondent to the introduction of much of this evidence was that it was absolutely inadmissible without proof of the loss or destruction of or inability to produce the original deeds, and that no such proof was made or offered to be made, respondent contending that if such deeds ever had existence they were forgeries. Appellants argue that they were entitled to introduce this evidence without proof of the loss or destruction of the original instruments, basing their argument upon the provisions of section 1951 of the Code of Civil Procedure. That section declares in effect, (1) that every instrument affecting real property, duly acknowledged, may be read in evidence without further proof; (2) that the original record of such conveyance or instrument thus acknowledged may be so read in evidence without further proof; and (3) that a certified copy of the record of such conveyance or instrument may be so read in evidence with the like effect as the original instrument without further proof. The argument based upon this is that the code recognizes three classes of evidence each as primary, and each therefore as being entitled to consideration without proof of anything further in the background upon which it must lean for support. And, fol-

lowing the argument through its next step, as you may prove by secondary evidence the contents of a lost or destroyed instrument, because the instrument itself is the primary evidence, so when the law has declared these three things to be primary evidence, you may prove the contents of any one of them by secondary evidence upon proof of the loss or destruction of the primary evidence; that the recorded deeds being thus primary evidence of the second class above enumerated, one may make secondary proof of the contents of such an instrument after proof that the original record was destroyed, and that this proof was here made. This, we think however, is carrying the language to an extreme that was never intended for the same argument would make admissible secondary proof of the contents of a certified copy upon proof of the destruction of that certified copy, notwithstanding that the original instrument or the recorded instrument might still be in existence. The rule of section 1951 is itself a modification of the general rules of evidence requiring proof of loss or destruction or inability to produce. It will not be unduly extended, and that the extension here claimed would be undue we think is manifest. As was said in *Gloss* v. *Cessna*, 207 Ill. 69, [69 N. E. 634]: 'There was no evidence that the original deeds which appeared in the alleged abstract were lost or destroyed. . . . The act for registering title may be of a progressive nature, but not to the extent of abrogating the rules of evidence and permitting the introduction of abstracts without proper foundation being laid.' "

It was proper to strike out the testimony of Edwards touching the making and existence of the deed from Dahler and wife to the Market & Stanyan streets & Golden Gate Park Land & Improvement Company. Without regard to the validity of other objections interposed this testimony was properly excluded on the ground that it purported to give the contents of deeds without proof of the loss or destruction of the originals.

"Platt's testimony and the abstracts which accompanied it were offered as evidence in conformity with section 1855a of the Code of Civil Procedure.

"The purpose of section 1855a is to enable a person to prove the contents of a lost or destroyed document and to deraign his title to land through the secondary evidence af-

forded by certain transcripts or abstracts from the original recorded documents after proof made of the destruction of such documents. The abstracts of the California Title Insurance and Trust Company were compiled from the public records from day to day and since a part of the business of the company was the insurance of titles it may be taken for granted that its compilations were made with the utmost exactitude and care. The presentation of such an abstract so made before the calamity and showing the condition of any title at the time of the calamity is secondary evidence of the highest dignity and character. The legislature might well have made provision for its general admission to supply the hiatus caused by lost or destroyed records. It could well have done this without preliminary proof from the authors of the abstracts and breviates that they were correct transcriptions. It might well have permitted the introduction in evidence of an abstract made from such abstract after the calamity and certified to after the calamity as being correct. These modifications of the general rules of evidence to meet the exigencies presented by such a disaster would not be regarded as unreasonable, but the legislature has not seen fit to do this thing. It has made a much narrower departure from the general rules of evidence. In effect, it has declared that such an abstract only if made, certified to and issued before the destruction shall be received in evidence without further proof than that it was prepared and made in the ordinary course of business prior to such loss or destruction. The abstracts here presented, we repeat, are of equal dignity with those which this section permits to be used in evidence, and, if anything, they are of even higher quality since they represent the originals from which the abstract which is certified and issued to the client is prepared. They are thus one step nearer to the original documents themselves. But, nevertheless, the legislature has seen fit to limit the introduction of such evidence only to abstracts certified to and issued in the ordinary course of business prior to the loss or destruction, and it is not for this court to extend the rule. Thus, not measuring up to the requirements of section 1855a the court was right in excluding from consideration the evidence of Platt and of the abstracts, since first, there was no proof of the loss or destruction or inability to produce the original

documents which would justify the introduction of secondary evidence as to their contents, and, second, there was no evidence from the makers of the abstracts showing the correctness of their transcripts as the foundation for the admission of secondary evidence of their contents.

"Plaintiff showed sufficient possession of the property through her grantors. (*Botsford* v. *Eyraud,* 148 Cal. 431, [83 Pac. 1008].)"

It is suggested by the appellants that, since the finding of the opinion in Department, section 1855a has been amended (Stats. Ex. Sess. 1911, p. 64) in such manner as to authorize the introduction in evidence of the abstracts offered. Whether or not a judgment should be reversed for the exclusion of evidence which was inadmissible under the law in force at the time of trial is a question that need not be decided here, for the reason that the appellants would not be helped by a resort to the section as amended, assuming it to be applicable. The section in its present form provides that "no proof of the loss of the original document or instrument shall be required other than the fact that the same is not known to the party desiring to prove its contents to be in existence." This, in effect, requires the party undertaking, under section 1855a, to show the contents of an instrument by means of an abstract, to prove that he does not know of the existence of the original instrument. No such proof was offered here.

The order denying appellants' motion for a new trial is affirmed.

Angellotti, J., Henshaw, J., Lorigan, J., and Melvin, J., concurred.