[Crim. No. 1055. First Appellate District, Division Two.—April 24, 1922.]

In the Matter of the Application of M. J. MAZURAN for a Writ of Habeas Corpus in Behalf of CHRISTOPHER MIRAMONTES.

[1] CRIMINAL LAW—POSTPONEMENT OF PRELIMINARY HEARING—JURISDICTION.—A postponement beyond six days of the preliminary hearing of a person charged with burglary, whether erroneous or not, does not divest the court of jurisdiction.

PROCEEDING on Habeas Corpus to secure the release of petitioner from custody on a charge of burglary. Writ discharged and petitioner remanded.

The facts are stated in the opinion of the court.

M. J. Mazuran and A. J. Hennessey for Petitioner.

Matthew Brady, District Attorney, and Richard E. Fitzgerald, Deputy District Attorney, for Respondent.

LANGDON, P. J.—This matter comes before us on a petition for a writ of *habeas corpus*. Petitioner is confined in the county jail in the city and county of San Francisco by virtue of a warrant of commitment of the police court

of said city and county holding said defendant to answer before the superior court on a charge of burglary.

It is contended by appellant, first, that the police court lost jurisdiction of the case by the various postponements made in violation of section 861 of the Penal Code; and, second, that the defendant was committed without reasonable or probable cause. There is no merit in either of these contentions. [1] A postponement of the preliminary examination beyond six days, whether erroneous or not, does not divest the court of jurisdiction. As was said in *People* v. *Van Horn*, 119 Cal. 323 [51 Pac. 538] : ''If the postponement worked appellants any legal wrong, such wrong consisted in their temporary illegal confinement by the officer who had them in custody, for which, if not lawful, there would have been a remedy at the time.'' Furthermore, the record shows at least one continuance was given at the request of the defendant.

After a careful examination of the record before us, we are satisfied that the evidence is amply sufficient to warrant holding defendant to answer to the charge of burglary before the superior court.

The writ is discharged and the prisoner remanded to the custody of the sheriff.

Nourse, J., and Sturtevant, J., concurred.