(October 11, 1922.)

## STATE, Respondent, v. J. M. CHACON and REBECCA CHACON, Appellants.

[209 Pac. 889.]

CRIMINAL LAW—HOMICIDE—PRONOUNCING JUDGMENT DURING PENDENCY OF MOTION FOR NEW TRIAL—SEPARATION OF JURY—MISCONDUCT OF ATTORNEY AND JURYMAN DURING TRIAL—RES GESTAE—ADVISORY VERDICT—PRINCIPALS.

1. In a criminal case it is not error to pronounce judgment while motion for new trial is pending.

2. That the jury was permitted to separate during the progress of a trial for murder is not of itself ground for a new trial. It is misconduct, requiring the granting of a new trial, if it prevented a fair and due consideration of the case.

3. When the defendant shows that the jury have separated in violation of the statute, he has made a sufficient *prima facie* showing to entitle him to a new trial and to shift the burden on to the state of showing clearly and beyond a reasonable doubt that nothing transpired during the separation, or on account of the separation, that did or could prejudice the defendant, and if the state succeeds in making such a showing, then a new trial should be denied.

4. If a defendant in a criminal case, or his counsel, observe improper conduct between the prosecuting attorney and one of the jurymen in the way of making signals to one another during the progress of the trial, it is his duty to call the attention of the trial court to the matter at once. He cannot be permitted to await the outcome of the trial, and then urge such misconduct in support of a motion for a new trial.

5. Evidence of statements made by one of the defendants within a few minutes after a homicide has been committed, where it is apparent that the statements were made at a time and in a manner and under circumstances which preclude design or deliberation, is properly admissible as part of the *res gestae.*

**Publisher's Note.**

2. Permitting separation of jury in capital case, see notes in 103 Am. St. 150; 1 Ann. Cas. 287; Ann. Cas. 1914A, 737; 24 L. R. A., N. S., 776.

6. It is not error to admit evidence of the condition of a room in which a homicide occurred about two months thereafter, if it be shown that the room was substantially in the same condition as when the difficulty occurred. The weight of the evidence when admitted is for the jury.

7. In this state, prejudicial error cannot be predicated upon the refusal of the court to give an advisory instruction for the acquittal of a defendant.

APPEAL from the District Court of the Fifth Judicial District, for Bannock County. Hon. R. M. Terrell, Judge.

Appellants were convicted of murder of the first degree and murder of the second degree, respectively. Judgment and order denying motion for new trial *affirmed.*

Anderson & Jeffery, for Appellants.

The court's action in passing judgment on defendants while motion for a new trial was pending constitutes reversible error. (*People v. Felix,* 45 Cal. 163.)

Prejudice from separation of jury is presumed, unless state proves beyond a reasonable doubt that no prejudice occurred. (*People v. Backus,* 5 Cal. 275; *Hempton v. State,* 111 Wis. 127, 86 N. W. 596; *Organ v. State,* 26 Miss. 78; *People v. Adams,* 143 Cal. 208, 76 Pac. 954; *United States v. Swan,* 7 N. M. 306, 34 Pac. 533; *State v. Church,* 7 S. D. 289, 64 N. W. 152; *Nicholson v. State,* 18 Wyo. 298, 106 Pac. 929; *Carter v. State,* 78 Miss. 348, 29 So. 148; *Barnett v. State,* 50 Tex. Cr. 538, 99 S. W. 556; *People v. Thornton,* 74 Cal. 482, 16 Pac. 244; *State v. West,* 11 Ida. 157, 81 Pac. 107; *State v. Sly,* 11 Ida. 110, 80 Pac. 1125.)

The court improperly allowed occurrences after the homicide, and statements of Rebecca Chacon, to be admitted in evidence. (*Holt v. Commonwealth* (Ky.), 13 S. W. 71; *People v. Lane,* 100 Cal. 379, 34 Pac. 856.)

---

7. Refusal of court to direct acquittal as ground for predicating error, see note in Ann. Cas. 1912C, 799.

Power of court to direct or advise acquittal of criminal case for insufficiency of evidence, see note in 17 A. L. R. 910.

The court improperly permitted evidence of conditions on September 8, 1921, in the room where the shooting occurred on July 12, 1921. (*Abernathy v. State,* 129 Ala. 85, 29 So. 844.)

The court improperly refused Rebecca Chacon's motion for advisory verdict. (Wharton on Homicide, secs. 32, 38.)

Roy L. Black, Attorney General, and Jas. L. Boone, for Respondent.

If it appears that a defendant was not prejudiced by the separation of the jury a new trial will not be granted. (16 C. J., p. 1167, sec. 2675, note 4; *State v. Levy,* 9 Ida. 483, 75 Pac. 227; *State v. Sly,* 11 Ida. 110, 80 Pac. 1125; *State v. West,* 11 Ida. 157, 81 Pac. 107.)

Alleged misconduct or improprieties of the jury or counsel should be objected to and exceptions saved to an adverse ruling of the court thereon, at the time of the alleged misconduct or improprieties. (*State v. Reed,* 3 Ida. 754, 35 Pac. 706; *People v. Quok Wah Choi,* 2 Ida. 90, 6 Pac. 112; *State v. Harness,* 10 Ida. 18, 76 Pac. 788; *State v. Murphy,* 7 Ida. 183, 61 Pac. 462; *People v. Ah Hop,* 1 Ida. 698; *State v. Schieler,* 4 Ida. 120, 37 Pac. 272; *State v. Rooke,* 10 Ida. 388, 79 Pac. 82; *State v. Corcoran,* 7 Ida. 220, 61 Pac. 1034; *State v. Moon,* 20 Ida. 202, Ann. Cas. 1913A, 724, 117 Pac. 757; *State v. McGinnis,* 12 Ida. 336, 85 Pac. 1089; *State v. Rowe,* 19 Ida. 416, 113 Pac. 461; *State v. Rigley,* 7 Ida. 292, 62 Pac. 679; *State v. Marquardsen,* 7 Ida. 352, 62 Pac. 1034; *State v. Suttles,* 13 Ida. 88, 88 Pac. 238; *State v. Smith,* 4 Ida. 733, 44 Pac. 554; *State v. Peck,* 14 Ida. 712, 95 Pac. 915; *State v. Harris,* 18 Ida. 620, 111 Pac. 406; *State v. Hurst,* 4 Ida. 345, 39 Pac. 554; *Schumacher v. Truman,* 134 Cal. 430, 66 Pac. 590.)

Statements made by the accused immediately after assault resulting in homicide are admissible as a part of the *res gestae.* (1 Wharton, Crim. Ev., sec. 262, and cases cited; *State v. Ellington,* 4 Ida. 529, 43 Pac. 60; *State v. Webster,* 21 Wash. 63, 57 Pac. 361; *Parrish v. State,* 139 Ala. 16, 36 So. 1012; *Crowder v. State,* 78 Tex. Cr. 344, 180 S. W. 706;

*State v. Messervey,* 105 S. C. 254, 89 S. E. 662; *State v. Lantz,* 149 N. C. 551, 63 S. E. 198; *People v. Sampo,* 17 Cal. App. 35, 118 Pac. 957; *State v. Driskill,* 26 Ida. 738, 145 Pac. 1095.)

The question of remoteness of evidence rests largely with the trial court. (16 C. J. 1087, notes 82, 83, p. 561.)

The admissibility or rejection of evidence is a question for the court to decide. (16 C. J., sec. 2290, notes 85, 86, p. 929.)

It is not prejudicial error to refuse a motion for an advisory verdict. (*State v. Sullivan,* 34 Ida. 68, 17 A. L. R. 902, 199 Pac. 647; *People v. Daniels,* 105 Cal. 262, 38 Pac. 720.)

RICE, C. J.—Appellants, husband and wife, were informed against jointly for murder of Pedro Valdez. The husband was convicted of murder in the first degree, and the wife of murder in the second degree. The appeal is from the judgment of conviction and from an order overruling motion for a new trial.

It is urged that error was committed in passing judgment and sentence on appellants while their motion for a new trial was pending and not disposed of.

C. S., sec. 9023, provides: "After a plea or verdict of guilty, or after a verdict against the defendant on the plea of a former conviction or acquittal, if the judgment be not arrested or a new trial granted, the court must appoint a time for pronouncing judgment, which, in cases of felony, must be at least two days after the verdict, if the court intend to remain in session so long; but if not, then at as remote a time as can reasonably be allowed."

At the time of pronouncing judgment, the judgment had not been arrested or a new trial granted.

Appellants rely upon the case of *People v. Felix,* 45 Cal. 163. In that case the court said: "The application for a new trial is required to be made, if at all, before the entry of judgment, and the judgment to be given is necessarily dependent upon the decision of the motion, for by section

447 the court is not to render judgment until after the motion for a new trial, if one be made, has been denied." Under our statute (C. S., sec. 9018) application for a new trial may be made before or after judgment, and must be made within ten days after the verdict unless the court or judge extends the time. Clearly, then, a new trial may be granted by the district court after judgment has been pronounced. This contention of appellants is without merit.

It is urged that the motion for a new trial should have been granted because the jury was separated on three different occasions during the trial, once at the Solo Cigar Store and twice in the courthouse.

The showing with reference to the incident at the cigar-store is to the effect that there were at least four of the jurors on the outside of the store and on the sidewalk for a space of about five minutes, while the balance of the jurors and the bailiff were on the inside; that while the four jurors were on the outside, some man shook hands with one of them but nothing was said, not even the customary greeting. The bailiff in charge of the jury on this occasion testified by affidavit that he was in a position to observe all of the actions of the jury and all persons inside and outside of the store; that during the time the jurymen received no communication of any kind, or any articles except tobacco and cigars, and that during all the time the door of the cigar-store was open and the jurymen were in plain sight and hearing of each other and of the bailiff and but a few feet apart. On one of the occasions referred to in the courthouse, it appears that two of the jurymen, while passing through the hall, separated themselves from the jury and entered the toilet; that soon thereafter the bailiff returned to the hall and waited for the jurymen and conducted them to their room. There is some conflict as to whether one of such jurymen may not have returned to the jury-room unaccompanied by the bailiff. On the other occasion referred to, the jury became temporarily separated while going upstairs from one floor to another. Those in advance, upon reaching the upper floor, noticed the absence of a portion of the jury

and waited there for the remainder to come up. It is also stated in one of the affidavits in support of the motion that on one occasion, after the case had been submitted, the jury was in the basement of the courthouse and the bailiff in charge was on the third floor, where he was walking around smoking his pipe.

Affidavits were received from each of the twelve jurors, and the bailiff in charge, denying that the jury was ever separated at any time or in any manner which would allow any person to approach them or talk to them regarding the issues of the case. Each juryman stated that he did not hear any conversation out of court that in any manner pertained to the issues involved in the trial of the case; that at no time was the bailiff out of sight or hearing or at a distance of more than a few feet from all of the jurymen while they were in progress to and from the courthouse for their meals and daily walks for recreation.

C. S., sec. 8966, provides that in all trials for murder the jury must be kept together. C. S., sec. 9017, which contains the grounds for a new trial in a criminal case, is in part as follows:

"When a verdict has been rendered against the defendant the court may, upon his application grant a new trial in the following cases only: . . . .

"3. When the jury has separated without leave of the court after retiring to deliberate upon their verdict, or been guilty of any misconduct by which a fair and due consideration of the case has been prevented."

In this case, the instances of separation complained of occurred during the progress of the trial. Of itself, therefore, this is not ground for a new trial. It would be misconduct if it prevented a fair and due consideration of the case. The rule applicable in this jurisdiction is stated in the case of *State v. Sly,* 11 Ida. 110, 80 Pac. 1225, as follows:

"When the defendant shows that the jury have separated in violation of the statute, he has made a sufficient *prima facie* showing to entitle him to a new trial and to shift the

burden on to the state of showing clearly and beyond a reasonable doubt that nothing transpired during the separation, or on account of the separation, that did or could prejudice the defendant, and that if the state succeeds in making such a showing, then a new trial should be denied.''

Evidently the trial court considered the showing by the state in this cause to be sufficient to meet the requirements of the rule, and it does not appear that it abused its discretion in this regard.

It is claimed that the jury received evidence concerning the case otherwise than in open court, but a consideration of the affidavits in support of this contention and in opposition thereto would justify the court in concluding that the jury did not receive any such evidence.

It is contended that G. L. Tyler, special prosecutor, was guilty of misconduct in making signs to one of the jurors.

That any signs or signals passed between the attorney and the juror was denied by each of them. Evidently the trial court in denying the motion for a new trial concluded that there was no mutual understanding between the attorney and the juror. Furthermore, if appellants or their counsel observed any such proceedings at the trial as is set forth in their affidavits, it was their duty to call the court's attention to the matter at once. Appellants cannot now be heard, after verdict, to urge such misconduct in support of a motion for a new trial. (*State v. Baker,* 28 Ida. 727, 156 Pac. 103; *Trombley v. State,* 167 Ind. 231, 78 N. E. 976.)

The contention that certain exhibits were admitted without proper identification is without merit.

The state, over objection, was permitted to prove that within a very short time after the homicide, Rebecca Chacon, one of the appellants, said, ''I don't care, I know they are going to arrest me in a few moments, but I would not lose hope in killing a gringo.'' And also the further statement, ''If they taken her as a prisoner for a year or two that she never lost hope—she wouldn't lose hope of coming back and exterminating the whole race of Valdez.'' It was the

theory of the state that the foregoing statements were admissible as part of the *res gestae.*

In the case of *State v. Ellington,* 4 Ida. 529, 43 Pac. 60, it is said: "What is or is not of the *res gestae* is a matter that must be decided upon the facts of each case. There are no limits of time within which the *res gestae* can be arbitrarily confined. Where it is apparent that the statements of deceased were made at a time, in a manner and under circumstances which preclude any presumption that they were the result of consideration or design, their admission is proper."

The admissibility of evidence of statements, declarations or exclamations, as constituting a portion of the *res gestae,* was considered in the cases of *Erickson v. Rutledge Timber Co.,* 33 Ida. 179, 191 Pac. 212, and *Wilson v. St. Joe Boom Co.,* 34 Ida. 253, 200 Pac. 884. It was there stated that the question of the admissibility of such evidence was left largely to the sound discretion of the trial court, subject to review on appeal. From a consideration of the record, we have reached the conclusion that the court did not abuse its discretion in admitting the evidence. (*State v. Ellington, supra; State v. Webster,* 21 Wash. 63, 57 Pac. 361; *Parish v. State,* 139 Ala. 16, 36 So. 1012; *Crowder v. State,* 78 Tex. Cr. 344, 180 S. W. 706; *State v. Messervey,* 105 S. C. 254, 89 S. E. 662; *State v. Lance,* 149 N. C. 551, 63 S. E. 198; *People v. Sampo,* 17 Cal. App. 135, 118 Pac. 957; *State v. Driskill,* 26 Ida. 738, 145 Pac. 1095.)

It is urged that the court improperly admitted evidence of the condition of the room, where the killing took place, on September 8, 1921, when the homicide occurred on the 12th day of July of that year; also that it was error to permit the introduction of a bullet taken from the wall of the room on September 8th.

This evidence was remote. In view of the showing of the state, however, to the effect that the room was substantially in the same condition as when the difficulty occurred, it was not so remote as to render its admission erroneous. The weight of the evidence when admitted is for the jury.

It is also insisted that the court erred in refusing to advise the jury to render a verdict of acquittal of appellant Rebecca Chacon. Reversible error cannot be predicated upon the refusal of the court to give such an instruction. (*State v. Sullivan*, 34 Ida. 68, 17 A. L. R. 902, 199 Pac. 647.)

In appellants' brief it is stated that the motion was based on the ground that there was no evidence of a conspiracy, and that two persons cannot be guilty of killing the same individual without some evidence of a conspiracy. The evidence on the part of the state, if believed by the jury, showed that both appellants were active participants in the difficulty which resulted in the homicide, aiding and abetting one another, and that each fired bullets into the body of the deceased. That is sufficient to make them both principals without evidence of a previous conspiracy. (C. S., sec. 8845.)

The other specifications of error do not require discussion.

The judgment and order denying motion for a new trial are affirmed.

McCarthy, Dunn and Lee, JJ., concur.