Points Decided.

(July 5, 1923.)

## STATE, Respondent, v. F. F. MAIN, Appellant.

[216 Pac. 731.]

CRIMINAL LAW—INFORMATION—MOTION TO QUASH—DEFECTIVE COMPLAINT—TYPOGRAPHICAL ERROR—EFFECT OF, AFTER COMMITMENT—PRELIMINARY EXAMINATION — UNAUTHORIZED POSTPONEMENT— EFFECT OF — INDORSING COMMITMENT ON DEPOSITIONS — COMMITMENT IN SEPARATE PAPER—EFFECT OF—DELAY RETURNING RECORD OF PRELIMINARY—EFFECT OF—REFUSAL TO PLEAD—ENTRY BY CLERK—CLERK'S STATEMENT TO JURY—PREJUDICIAL ARGUMENT— OBJECTION—EXCEPTION—SEPARATION OF JURY—MISCONDUCT OF JURY—SHOWING OF PREJUDICE—INSTRUCTIONS ON COURT'S OWN MOTION—EXCEPTION TO—VIEW BY JURY—ANIMATE OBJECT—WITNESS—CONTRADICTORY STATEMENTS—EXPLANATION OF—HEARSAY.

1. After a valid commitment has been issued and informaton filed, the jurisdiction of the district court does not depend upon the complaint filed in the magistrate's court and defects in it are immaterial.

2. The fact that a preliminary examination is postponed longer than authorized by statute does not deprive the court of jurisdiction.

3. The fact that the magistrate's commitment is in a separate paper instead of being indorsed on the depositions does not deprive the court of jurisdiction.

4. Delay of the magistrate in transmitting the record to the district court does not deprive that court of jurisdiction.

5. The act of the clerk in telling the jury that, upon defendant's refusal to plead, a plea of not guilty was entered by order of the court, is not reversible error.

6. Error cannot be predicated on argument of counsel unless objection is made and exception saved.

7. Rule of *State v. Chacon*, 36 Ida. 148, 209 Pac. 889, approved and followed as to error based on separation and misconduct of jury.

Publisher's Notes.

6. Time and place for objection to improper argument of prosecuting attorney, see note in 46 L. R. A. 642.

7. Separation of jury as ground for new trial, see notes in 1 Ann. Cas. 287; Ann. Cas. 1914A, 734; Ann. Cas. 1916A, 253.

8. Exception must be taken and preserved in order to predicate error on instructions given by the court on its own motion.

9. It is error to order the jury to view anything but the place in which the offense is charged to have been committed, or in which material facts occurred.

10. The viewing of animate objects should never be permitted other than in the regular way upon the trial.

11. It is error to permit a witness, by way of explaining contradictory statements, to give hearsay evidence of a prejudicial nature.

APPEAL from the District Court of the Ninth Judicial District, for Fremont County. Hon. James G. Gwinn, Judge.

Appeal from a judgment of conviction of grand larceny. *Reversed.*

O. M. Van Tassel and Miller & Ricks, for Appellant.

When the magistrate continued the hearing without requiring the affidavit of the prosecuting attorney, and for a greater period of time than that provided by statute, in the face of the defendant's objection, the magistrate lost all jurisdiction of the case. (C. S., sec. 8746.)

There is no order of commitment indorsed on the depositions. (C. S., sec. 8757.)

"When the motion to quash the information is made in proper time, upon the ground that the law has not been complied with in the arrest and preliminary examination of the defendant, he does not waive a substantial compliance therewith." (*State v. Clark,* 4 Ida. 7, 35 Pac. 710.)

"The district court has no jurisdiction to try any person for an offense by information until the statute in regard to preliminary examinations has been complied with." (*State v. Braithwaite,* 2 Ida. 857, 27 Pac. 731.)

The magistrate in this case delayed returning the papers to the clerk for a period of more than five months. (C. S., sec. 8767.)

---

9. Right to view by jury, see note in 42 **L. R. A.** 368.

There is no authority, under the law, which permits a court to allow a juror to view sheep, or other animals, or any animate object.  (C. S., sec. 8964.)

The above section is identical with sec. 1119 of the Penal Code of California, and sec. 5222, Oklahoma, and sec. 2097, Penal Code of Montana.  (*State v. Landry,* 29 Mont. 218, 74 Pac. 418; *People v. Fitzpatrick,* 80 Cal. 538, 22 Pac. 215; *People v. Fagan,* 4 Cal. Unrep. 87, 33 Pac. 846; *People v. Conkling,* 111 Cal. 616, 44 Pac. 314; *Hays v. Territory,* 7 Okl. 15, 54 Pac. 300.)

The court erred in permitting the prosecuting attorney to make remarks to the jury, which were prejudicial to the rights of the defendant, and highly inflammatory.  (*Black v. State,* 79 Tex. Crim. 628, 187 S. W. 332; *McPeak v. State,* 80 Tex. Crim. 50, 187 S. W. 754; *Morris v. State,* 84 Tex. Crim. 100, 206 S. W. 82; *State v. Farris,* 147 La. 663, 85 So. 631; *Sights v. State,* 13 Okl. Crim. 627, 166 Pac. 458; *State v. Ray* (Mo.), 225 S. W. 969.)

Under the provisions of C. S., sec. 8973, the bailiff must be sworn to keep the jury together.  This is not optional with the court or with the bailiff, but is mandatory.  (*State v. Mulkins,* 18 Kan. 16.)

It is reversible error to single out any particular witness in an instruction and direct the attention of the jury to his testimony.  (*State v. Lundhigh,* 30 Ida. 365, 164 Pac. 690; *State v. Rogers,* 30 Ida. 259, 163 Pac. 912; *Guiaccimo v. State,* 5 Okl. Crim. 371, 115 Pac. 129; *Hughes v. State,* 3 Okl. Crim. 387, 106 Pac. 546; *Gibbons v. State,* 5 Okl. Crim. 212, 115 Pac. 129; *Rea v. State,* 3 Okl. Crim. 269, 105 Pac. 381; *State v. Potter,* 16 Kan. 99; *Green v. United States,* 2 Okl. Crim. 55, 101 Pac. 112.)

Inasmuch as instructions given on the court's own motion now constitute a part of the record, the same rule of reasoning should apply as is applied to instructions given at the state's request or refused on defendant's request, and any other reasoning would be unjust in principle and unsound. (C. S., sec. 9040; *State v. Peck,* 14 Ida. 712, 95 Pac. 515; *State v. Lundhigh,* 30 Ida. 365, 164 Pac. 690.)

A. H. Conner, Attorney General, and James L. Boone, Assistant, for Respondent.

The court did not err in denying defendant's motion to quash and set aside the information. (C. S., sec. 8835; *State v. Roland,* 11 Ida. 490, 83 Pac. 337; *People v. Cole,* 127 Cal. 545, 59 Pac. 984; *People v. Shenk,* 142 N. Y. Supp. 1081; *State v. White,* 23 Wyo. 130, 147 Pac. 171; *Ross v. State,* 9 Ind. App. 39, 36 N. E. 167; *State v. Yturaspe,* 22 Ida. 360, 125 Pac. 802; *State v. Bond,* 12 Ida. 424, 86 Pac. 43; *People v. Van Horn,* 119 Cal. 323, 51 Pac. 538; *People v. Boren,* 139 Cal. 210, 72 Pac. 899; *Ex parte McGee,* 44 Nev. 23, 189 Pac. 622; *Ex parte Mazuran,* 57 Cal. App. 411, 207 Pac. 509; *State v. Clark,* 4 Ida. 7, 35 Pac. 710; *Adair v. State* (Okl.), 180 Pac. 253; *State v. Lennick* (N. D.), 182 N. W. 458; *People v. Wilson,* 93 Cal. 377, 28 Pac. 1061; *People v. Tarbox,* 115 Cal. 180, 46 Pac. 896.)

The appellant was not prejudiced by the use of the date "19120" in the complaint. (C. S., sec. 8835; *State v. Roland, supra; People v. Cole, supra; People v. Lee Look,* 143 Cal. 216, 76 Pac. 1028; *People v. Warner,* 147 Cal. 546, 82 Pac. 196; 16 C. J., sec. 295, note 87; *State v. White, supra; Ross v. State, supra.*)

In the absence of anything in the record to the contrary, the court will presume that the necessary steps have been taken in preliminary examinations. (*State v. Yturaspe, supra.*)

It is not error to postpone a preliminary examination over the objection of the defendant. (*People v. Van Horn, supra; People v. Boren, supra; Ex parte McGee, supra; Ex parte Mazuran, supra.*)

The failure of a committing magistrate to indorse the order of commitment on the depositions taken at the preliminary examination does not deprive the order of its validity or affect any substantial right of the defendant. (*State v. Clark, supra; Adair v. State, supra; State v. Lennick, supra; People v. Wilson, supra.*)

The court did not err in denying defendant's motion for a new trial. (Underhill's Crim. Ev., sec. 229, p. 418; *People v. Bonney,* 19 Cal. 426.)

A view of animals may be had upon order of the court. (Underhill's Crim. Ev., sec. 229, p. 418; *State v. Dillard,* 58 Miss. 368.)

In order to take advantage of alleged improper remarks of the prosecuting attorney, objection should be made promptly as soon as the remarks are uttered. (15 C. J., sec. 2267, notes 20 and 28.)

The rights of the appellant were not prejudiced by the telephone conversations had. (*State v. Chacon,* 36 Ida. 148, 209 Pac. 889.)

An instruction given by the court on its own motion must be excepted to, and in order to be reviewed must be excepted to and preserved by bill of exceptions, or excepted to and incorporated in the reporter's transcript of the proceedings at the trial. (*State v. Lundhigh,* 30 Ida. 365, 164 Pac. 690; *State v. Maguire,* 31 Ida. 24, 169 Pac. 175; *State v. Ray,* 32 Ida. 363, 182 Pac. 857.)

McCARTHY, J.—This appeal is taken from a judgment convicting appellant of grand larceny. The first assignment of error is that the court erred in denying defendant's motion to quash the information. It is contended that the information should have been quashed because (1) the complaint filed in the magistrate's court charged an impossible date, (2) the preliminary hearing was postponed in violation of the statute, (3) no order of commitment was indorsed by the magistrate on the depositions, (4) the magistrate unreasonably delayed returning the papers to the clerk of the district court. The second assignment of error is that the court erred in denying defendant's motion for a new trial. Appellant contends that a new trial should have been granted on the following grounds: (1) at the trial the clerk of the district court, after reading the information, stated to the jury that appellant refused to plead and the clerk entered a plea of not guilty, (2) the trial court ordered the

jury to inspect, outside of the courtroom, a sheep claimed to have been one of the sheep which were the subject matter of the alleged larceny, and the jurors performed certain experiments by way of attempting to identify said sheep, (3) the prosecuting attorney in his argument to the jury made prejudicial remarks, (4) the jury were permitted to separate and some of them talked over the telephone, (5) admission of incompetent and prejudicial evidence, (6) insufficiency of the evidence, (7) the court gave an erroneous instruction in regard to the credibility of appellant as a witness.

We will take up the points raised by appellant in support of his contention that the information should have been quashed in the order stated above.

The complaint was filed in the magistrate's court in June, 1920, and charged that the act was committed on or about the 23d of January, 19120. C. S., sec. 8830, provides:

"§ 8830. The precise time at which the offense was committed need not be stated in the indictment; but it may be alleged to have been committed at any time before the finding thereof, except where the time is a material ingredient in the offense."

No more exacting rule should be prescribed for a complaint in a magistrate's court. It is apparent that the complaint contains a typographical error. The date as alleged is impossible. The intent must have been to allege either 1912 or 1920, with the probabilities strongly in favor of 1920. Even if the date alleged were 1912, the complaint would not be invalid. If it appears on the face of the complaint that the prosecution is barred by the statute of limitations, this does not render the complaint void but is a matter to be availed of by demurrer or plea of not guilty. If a defendant does not claim the protection of the bar of the statute of limitations, it is waived. Moreover even a fatal defect in a complaint filed before a committing magistrate does not warrant setting aside the information, where the defendant has been properly committed after a preliminary hearing at which evidence was introduced. After the hearing the com-

plaint has served its function. An objection based upon defects in the complaint is available only while the defendant is held under the warrant of arrest issued on the complaint. After a valid commitment has been issued and information filed, the jurisdiction of the district court does not depend upon the complaint filed in the magistrate's court and defects in it are immaterial. (*People v. Lee Look*, 143 Cal. 216, 76 Pac. 1028; *People v. Warner*, 147 Cal. 546, 82 Pac. 196; 16 C. J. 295, note 87.)

C. S., sec. 8746, reads as follows:

"§ 8746. The examination must be completed at one session unless the magistrate for good cause shown by affidavit, postpone it. The postponement can not be for more than two days at each time, nor more than six days in all, unless by consent or on motion of the defendant."

The preliminary examination was originally set for July 8th. The magistrate's docket recites that on July 8th the case was continued to July 13th, owing to the fact that no authorized stenographer was available. Appellant objected to the delay. It would appear that there was good reason for the postponement. Moreover, the fact that a postponement is granted in violation of the statute does not deprive the court of jurisdiction. (*People v. Van Horn*, 119 Cal. 323, 51 Pac. 538; *People v. Boren*, 139 Cal. 210, 72 Pac. 899; *Ex parte McGee*, 44 Nev. 23, 189 Pac. 622; *Ex parte Mazuran*, 57 Cal. App. 411, 207 Pac. 509.) Granting that the statute is mandatory in the sense that compliance with it can be enforced by appropriate remedy, the statute does not expressly state, and it cannot be reasonably implied, that a failure to comply with it results in depriving the court of jurisdiction.

C. S., sec. 8757, provides that the magistrate must indorse the commitment on the depositions. A written order of commitment was filed by the magistrate, and transmitted by him to the district court with the rest of the record. The commitment is sufficient in substance, and also in form, unless it is rendered invalid by the fact it was not indorsed on the depositions. In *State v. Clark*, 4 Ida. 7, 35 Pac. 710,

this court said: "The failure of the committing magistrate to indorse the order of commitment on the depositions taken on the preliminary examination does not deprive the order of its validity."

Appellant attempts to distinguish that case on the ground that the question was there first raised on a motion in arrest of judgment, whereas in the present case it was raised on a motion to quash the information. In the Clark case the court said:

"However, the motion under consideration was not made before plea or trial, and was therefore too late. When the motion to quash the information is made in proper time, upon the ground that the law had not been complied with in the arrest and preliminary examination of the defendant, he does not waive a substantial compliance therewith, and the trial court should see that the law in that respect has been substantially complied with before putting defendant upon his trial. But, unless the motion is made to quash or set aside an indictment or information, the objection that the law in regard to the preliminary examination of a defendant has not been complied with, and all objections to the indictment, enumerated in section 7730 of the Revised Statutes are waived."

Many California cases are cited by respondent. They are not exactly in point because the California statute reads a little differently. However, we are in accord with the holding of the California court that the filing of a commitment in a separate paper is a substantial compliance with the statute. This is all that is required. (*State v. Clark, supra.*) To hold that the court lost jurisdiction because the commitment was in a separate paper instead of being indorsed on the depositions would be to exalt form and ignore substance. No right of the appellant was in the least infringed by the method adopted, and he was not deprived of a fair preliminary examination in substantial accordance with the statute.

C. S., sec. 8767, provides that the magistrate must return the warrant and depositions to the clerk of the district court

without delay. The magistrate delayed returning the papers for a period of more than five months. Here again a compliance with the statute could have been enforced by appropriate proceedings, but the matter is not jurisdictional.

In discussing the specification that the court erred in denying defendant's motion for a new trial and the subheads, we will pursue a little different order than appellant's, reserving for the last the questions which we think most serious. On advice of his counsel appellant refused to enter a plea, on the theory that the court did not have jurisdiction to try him. It was his right to do this. In accordance with the statute the court then ordered that a plea of not guilty be entered. It is the duty of the clerk after the reading of the information to state the plea of the defendant. Under order of the court the clerk made the following statement to the jury:

"Gentlemen of the jury, when the defendant in this cause was arraigned and asked to plead it was necessary for the court to enter his plea as he stated that he refused at that time to plead, at which time, on the court's instruction, the clerk entered a plea of not guilty."

This was, of course, a true statement. It was not necessary, however, to go into such detail. All that the jury needed to know was that the plea was not guilty. It would have been better if the clerk had confined himself to such . statement. However, we do not regard the statement made as sufficiently prejudicial to justify reversing the judgment.

Even if it be conceded for the sake of argument that some of the remarks made by the prosecuting attorney in his argument to the jury were objectionable and prejudicial, no objections were made by appellant's counsel and no exceptions saved. The question is therefore waived. If timely objection is made, if the court then refuses to grant the offended party proper protection, and exception is taken, an error is committed and the proper record is made. (*State v. Chacon*, 36 Ida. 148, 209 Pac. 889.)

The affidavits show that the jury were left alone for a short time by the bailiff, during which some of them talked

over the telephone. The weight of the proof contained in the affidavits is to the effect that no improper communication was made with them, and that those who telephoned simply talked about obtaining help while they were confined. The true rule is laid down in *State v. Chacon, supra,* in paragraphs 2 and 3 of the syllabus, as follows:

"That the jury was permitted to separate during the progress of the trial for murder is not of itself ground for a new trial. It is misconduct, requiring the granting of a new trial, if it prevented a fair and due consideration of the case.

"When the defendant shows that the jury have separated in violation of the statute, he has made a sufficient *prima facie* showing to entitle him to a new trial and to shift the burden onto the state of showing clearly and beyond a reasonable doubt that nothing transpired during the separation, or on account of the separation, that did or could prejudice the defendant, and, if the state succeeds in making such a showing, then a new trial should be denied."

The showing made by the state shows clearly and beyond a reasonable doubt that nothing transpired during the separation which did or could prejudice the defendant, and the trial court did not abuse its discretion in so holding.

The question as to whether the court erred in giving instruction No. 22 on its own motion, dealing with the credibility of appellant as a witness, is not before this court. Instructions given on the court's own motion are not deemed excepted to, and, in order to be reviewed, must be excepted to and preserved by bill of exceptions, or excepted to and incorporated in the reporter's transcript of the proceedings at the trial. (*State v. Ray,* 32 Ida. 363, 182 Pac. 857; *State v. Lundhigh,* 30 Ida. 365, 164 Pac. 690.) No exception was taken to this instruction.

On order of the trial court the jury inspected a certain sheep, claimed to be one of the sheep which were alleged to have been stolen by appellant, and which was at the time in a barn near the courthouse. Certain witnesses for the prosecution testified that this sheep originally bore a brand known

as the bucketbail brand, which was put on with black paint, and that, after appellant secured possession of the sheep, he attempted to efface the bucketbail brand, and branded the sheep with the letter ''O'' in green paint, placing it over the bucketbail. Appellant and his witnesses testified that he bought the sheep which were the subject matter of the controversy, including the one which was inspected by the jury, from one H. H. Main, and denied that he altered the brand. If he did alter the brand it was, of course, a very suspicious circumstance. The affidavits show that, upon the inspection, one of the jurymen pressed back the wool of the sheep with his hands, evidently attempting to discover whether the brand had been altered, and then nodded his head knowingly to the other jurymen. Something like a year had elapsed between the time of the alleged offense and the trial, and in the meantime the sheep had been shorn. We are satisfied that the jury were influenced by what transpired at the time of the inspection of the sheep. A view by the jury of the subject matter of the controversy is entirely a matter of statute. Our statute provides:

''C. S., sec. 8964. When, in the opinion of the court, it is proper that the jury should view the place in which the offense is charged to have been committed, or in which any other material fact occurred, it may order the jury to be conducted in a body, in the custody of the sheriff, to the place, which must be shown to them by a person appointed by the court for that purpose; . . . . ''

According to the weight of authority construing similar statutes it is error to permit the jury to view anything but the place in which material facts occur. It is error to permit them to view objects which can be introduced in evidence, and specifically, to view animate objects. (*State v. Landry,* 29 Mont. 218, 74 Pac. 418; *People v. Fitzpatrick,* 80 Cal. 538, 22 Pac. 215; *People v. Fagan,* 4 Cal. Unrep. 87, 33 Pac. 846; *Hays v. Territory,* 7 Okl. 15, 54 Pac. 300.) The purpose of the statute is not to permit the taking of evidence out of court, but simply to permit the jury to view the place where the transaction is shown to have occurred,

in order that they may the better understand the evidence
which has been introduced. The viewing of objects which
can be introduced in evidence, and especially the performing
of experiments by the jury, constitute the taking of evi-
dence, which is never permitted other than in the regular
way upon the trial. (*People v. Conkling,* 111 Cal. 616, 44
Pac. 314.) We conclude that it was error for the court to
permit the jury to inspect this sheep in the way in which
it was done, and we are satisfied that the jury were in-
fluenced thereby. The Attorney General contends that the
error, if any, was not prejudicial because appellant himself
admitted that the sheep inspected was one which he had in
his possession, and one which the prosecuting witness claimed
was stolen from him. However, the damaging thing about
the inspection of the sheep was that the jury evidently con-
cluded therefrom that appellant had endeavored to efface
the original brand and had superimposed his own brand
upon it, which he denied doing. For the jury to take evi-
dence outside of court in regard to this very material matter
was prejudicial.

Appellant complains of the admission of incompetent and
prejudicial evidence. In several instances in which evidence
of doubtful admissibility was introduced, the record does
not show a sufficient or proper objection. One Emmett
Main, a witness for respondent, testified that appellant
slaughtered certain sheep, that some of the pelts were taken
away, and he did not know exactly what became of them.
It was shown that he had testified at the preliminary ex-
amination that these pelts were burned. On redirect exam-
ination the prosecuting attorney asked him to explain the
contradiction between his testimony at the preliminary and
his testimony upon the trial, which was objected to by appel-
lant. He answered: "The next morning after Flo Main,
Rel Main and Lester Young left with these hides and a
quart jar of coal oil me and Billy Nelson was feeding cattle.
Billy asked me if I knew Loyd's house had burned down
and I told him no I didn't; so I looked where the house was

and it was still smoking and so I asked Billy, 'How do you suppose it got burned?'—''

At this point appellant's counsel interposed the objection: ''Wait, that conversation between this witness and some other person in the absence of the defendant would not be material.''

The court said: ''If he wants to explain by that why he answered the question in that way he may do so.''

The witness then finished his answer as follows: ''I asked Billy Nelson 'How do you suppose that got burned down?' Billy said Flo told him they was going to put those hides in there and burn it up.''

Counsel then objected that the answer called for the merest kind of hearsay, to which the court responded: ''Certainly it is hearsay; but he is simply explaining why he answered that way and it is not for the purpose of proving any facts in regard to the house being burned.''

Flo Main means the appellant, and the inference is that he burned the hides of the sheep to avoid detection. This was clearly an invasion of appellant's rights. It is true that a witness has the right to explain an inconsistency between his testimony given on the trial and a statement made by him elsewhere, but this must give way to the fundamental rule which excludes hearsay evidence. The evidence given was of the most damaging nature, and we are satisfied its prejudicial effect was not removed by the attempt of the court to limit the purpose for which it was received. The chances are that it was just as damaging, and made just as strong an impression on the mind of the jury, as if the witness had been allowed to testify to the hearsay statement in the first instance.

The evidence relied upon by respondent is entirely circumstantial. There were many conflicts in the evidence and the case was a very close one. Under these circumstances we conclude that the errors of the court in permitting the inspection of the sheep outside of the courtroom and admitting the hearsay evidence above referred to were prejudicial and constitute ground for reversal. An inspection of the record

convinces us that the case was greatly overtried, too much time being given to examining into collateral issues, which should be avoided on a new trial. We think it better not to comment on the sufficiency of the evidence since there is to be a new trial. As to other specifications of error not expressly noticed above, we conclude that they are not well taken.

The judgment is reversed and the cause is remanded to the district court, with directions to grant a new trial in accordance with the views herein expressed.

Dunn, William A. Lee and Wm. E. Lee, JJ., concur.