[Crim. No. 982.  Second Appellate District, Division Two.—October 8, 1923.]

THE PEOPLE, Respondent, v. ARTHUR C. STUCK-RATH, Appellant.

[1] CRIMINAL LAW—MOTION FOR ARREST OF JUDGMENT—ORDER DENYING—NONAPPEALABILITY OF.—An order denying a motion for an arrest of judgment in a criminal prosecution is not appealable.

[2] ID.—PRELIMINARY EXAMINATION—CONTINUANCES—CONSENT—PRESUMPTION—RECORD.—Where the record on appeal in a criminal prosecution fails to show that the defendant objected to continuances of his preliminary examination, it will be presumed that they were consented to by him.

[3] ID.—OBJECTION TO CONTINUANCE—CONVICTION IN SUPERIOR COURT—JURISDICTION.—The making of objection by a defendant to the granting of a continuance of his preliminary examination cannot avail him upon an appeal from a judgment of conviction in the superior court, as the granting of continuances in violation of the

terms of section 861 of the Penal Code does not affect the jurisdiction of the superior court to try one who has come to it under a commitment in due form following a preliminary examination which has proceeded to completion.

[4] ID.—GRANTING OF CONTINUANCE—ABSENCE OF PREJUDICE.—A defendant is not shown to have suffered any material prejudice because of his imprisonment after a continuance of his preliminary examination was granted over his objection or because of his commitment upon the completion of the preliminary examination, where defendant consented to two continuances before and to one after the one to which he made objection, and after entering his unavailing objection to the third continuance he himself moved the court to extend the period of postponement for a period of thirty days beyond the time asked by the district attorney.

[5] EVIDENCE—DISSOLUTION OF MARRIAGE—JUDGMENT-ROLL—SECONDARY EVIDENCE.—The primary evidence as to the disposition of a marriage is the judgment-roll in the cause in which dissolution of it was wrought; and parol testimony upon the subject is secondary evidence at least.

[6] ID.—SECONDARY EVIDENCE — WHEN ADMISSIBLE. — Secondary evidence is admissible where the objection is not made that existing best evidence should be produced.

[7] CRIMINAL LAW — BIGAMY — DISSOLUTION OF FORMER MARRIAGE — PAROL TESTIMONY—IMMATERIALITY OF ADMISSIBILITY OF JUDGMENT-ROLL.—In a prosecution for bigamy, where the testimony of defendant's first wife that a former marriage contracted by her had been dissolved by divorce decree before her marriage to defendant took place was the only evidence bearing upon the subject of dissolution of said former marriage, the question whether the judgment-roll of the court granting the decree was improperly admitted becomes an immaterial one.

[8] ID.—INSTRUCTION—ABSENCE OF MISCARRIAGE OF JUSTICE.—In such prosecution, if it be conceded, without deciding, that a given instruction declaring that testimony received in the case as to cohabitation between the defendant and his first wife before their alleged marriage and as to their morality and immorality was immaterial, was erroneously given, the error did not result in a miscarriage of justice.

APPEAL from a judgment of the Superior Court of San Diego County and from an order denying a new trial. S. M. Marsh, Judge. Affirmed.

The facts are stated in the opinion of the court.

Edward J. Kelly for Appellant.

U. S. Webb, Attorney-General, and Erwin W. Widney, Deputy Attorney-General, for Respondent.

WORKS, J.—This is an appeal from a judgment of conviction of the crime of bigamy, from an order denying defendant's motion for an arrest of judgment, and from an order denying his motion for a new trial. [1] The order denying the motion for an arrest of judgment is not appealable.

Appellant contends that the trial court erred in denying a motion made by him to set aside the information, the general point being that he was not legally committed by a magistrate. The motion was made upon two grounds, the first of which was that appellant's preliminary examination was not terminated as required by Penal Code, section 861, which reads: "The examination must be completed at one session, unless the magistrate, for good cause shown by affidavit, postpone it. The postponement cannot be for more than two days at each time, nor more than six days in all, unless by consent or on motion of the defendant."

These are the facts involved in appellant's contention: The preliminary hearing was postponed four times, each continuance being for a period of more than six days, the extreme limit fixed by section 861. The first continuance was granted upon the application of respondent and with the consent of appellant, while the record fails to show, as to the second and fourth, upon whose motion they were granted or whether appellant either consented or objected to them. The transcript shows what occurred at the time the third postponement was granted, after a certain "argument by counsel," the nature of which is not disclosed: "Mr. Andrews [deputy district attorney]: If he wants the case continued so as to—. Mr. Kelly [counsel for appellant]: I don't want the case · continued. . . . I object to the defendant being brought in day after day, the case was set well in advance. . . . The Court: Mr. Andrews, I will continue the matter even over the defendant's objection, but I will do it only if you tell me that you think you can produce [certain missing evidence which

the prosecution desired to offer]. . . . Mr. Andrews: I can
do that but I ought to have considerable time though. . . .
I should think we should have thirty days to be sure to
get the [missing evidence]. . . . The Court: . . . The mat-
ter will be continued for thirty days then. . . . Mr. Kelly:
I would ask to have it continued for sixty days, if your
Honor please. The Court: Have you any objection to sixty
days? Mr. Andrews: I don't think it makes any difference.
The Court: It will be continued then until . . . Friday,
the 13th of October, at 10 o'clock in the morning.''

The only question which appellant can make as to these
continuances hinges upon the third, and, in fact, it is as to
that one alone that he actually urges his point. The first
continuance was granted upon appellant's consent and was
therefore allowed pursuant to the express terms of section
861. **[2]** As the record fails to show that appellant ob-
jected to the second and fourth continuances, it will be pre-
sumed that they also were consented to by him (*People* v.
*Magee,* 60 Cal. App. 459 [213 Pac. 513]). What, then, is
the situation as to the third continuance? **[3]** Appellant
did make objection to that one, but such an objection can-
not avail a defendant upon his appeal from a judgment of
conviction, as the granting of continuances in violation of
the terms of section 861 does not affect the jurisdiction of
the superior court to try one who has come to it under a
commitment in due form following a preliminary examina-
tion which has proceeded to completion (*People* v. *Van
Horn,* 119 Cal. 323 [51 Pac. 538] ; *People* v. *Boren,* 139 Cal.
210 [72 Pac. 899]). Under these cases a defendant who
would profit by a violation of the provision of section 861
must seek by appropriate means to regain his liberty, if he
be in fact under imprisonment, at the time the violation oc-
curs; and it has been held in at least one instance that
such a defendant will not even be released upon *habeas
corpus* if his application for the writ comes after his pre-
liminary examination has been concluded and he has been
committed to answer before the superior court (*Ex parte
Mazuran,* 57 Cal. App. 411 [207 Pac. 509]).

**[4]** In view of some language in the opinion in *People*
v. *Van Horn, supra,* it is pertinent to remark that we are
not shown that appellant in the present case suffered any
material prejudice because of his imprisonment after the

third continuance was granted or because of his commitment upon the completion of the preliminary examination. Appellant consented to two continuances before and to one after the one to which he made objection. It is to be observed, also, that after he entered his unavailing objection to the third continuance he himself moved the court to extend the period of postponement for a period of thirty days beyond the time asked by the district attorney. On the whole, it is plain that appellant's point is not well taken.

Under his general claim that the trial court should have granted the motion to set aside the information, appellant's second point is that the pleading was not filed within the time prescribed by Penal Code, section 809. Appellant, looking to the delay incident to the completion of the preliminary examination, all owing to the granting of the continuances above mentioned, points to the fact that "four months and two days elapsed from the date of the original hearing" before the magistrate to the date of the filing of the information. He then insists that "the unconscionable continuances beyond the time allowed by the statute for completing the preliminary examination cannot give to the prosecution any additional advantages as to the time for filing the information." Section 809 does not fit itself to appellant's argument. The enactment provides that when a defendant has been examined and committed it shall be the duty of the district attorney, "within thirty days thereafter," to file an information against him. Although appellant bases his point on section 809, he makes no contention that the information here in question was not filed within thirty days after the completion of the preliminary examination or after the commitment. In fact, the point made is not really a point under section 809, but is merely a restatement in another form of the question of which we have made disposition above. The present "point" falls with what we have said in making that disposition.

Appellant's next point is that the trial court, erred in receiving in evidence an attested copy of a certain judgment-roll in a cause tried in the territory of Hawaii. It appeared in evidence in the present action that the first marriage of appellant, the one which fastened a bigamous character upon the marriage which was the basis of the

present prosecution, was contracted with a woman who had
before been married to one Cavins. In order to prove
that the woman's union with Cavins had been dissolved
before the performance of the wedding ceremony between
her and appellant, thus stamping that marriage as a legal
one, the prosecution offered the Hawaiian judicial record,
consisting of the proceedings in a divorce action which
she had instituted against Cavins. The question now raised
by appellant is that the attested judgment-roll thus offered
was not properly authenticated, but that question we need
not decide. Without objection the woman testified that
she had procured a divorce from Cavins before the cere-
mony with appellant was performed, and that was the
only evidence, aside from the Hawaiian judgment-roll, as
to the status of the Cavins marriage. [5] The primary
evidence as to the disposition of that marriage, of course,
was the judgment-roll in the cause in which dissolution of it
was wrought (22 C. J. 1007–1010), but the general treat-
ment of the subject in the publication just cited will indi-
cate that parol testimony upon such a subject is secondary
evidence at least, as will also the opinions in *Dahler* v. *All
Persons,* 163 Cal. 160 [124 Pac. 995], and *Reynolds* v. *State,*
58 Neb. 49 [78 N. W. 483]. [6] It is hardly necessary to
cite authority for the statement that secondary evidence is
admissible where the objection is not made that existing best
evidence should be produced, although such authority may
be located with ease. (See *Estate of Bollinger,* 170 Cal. 380
[149 Pac. 995].) [7] As the testimony of Mrs. Cavins
that her marriage with Cavins had been dissolved by divorce
decree was the only evidence bearing upon the subject to
which it related, the question whether the Hawaiian judg-
ment-roll was improperly admitted becomes an immaterial
one.

Appellant contends that the trial court erred in giving
the following instruction: "Some testimony, a great deal
of testimony, has been received in this case, which in my
judgment is not material to the issue. A great deal of
testimony was received as to whether the defendant and
Madeline Stuckrath cohabited prior to the time of the
alleged marriage. It makes no difference whether they
did or not. It makes no difference whether Madeline

Stuckrath or Arthur C. Stuckrath were moral or immoral men or women. This question does not enter into it at all, the morality or immorality of either of the parties to this action and it makes no difference whatever in the case. There was either a marriage or not and the morality or the immorality, whether they cohabited or did not cohabit does not and should not enter into the case in arriving at your verdict.'' The Madeline Stuckrath mentioned in this instruction is the woman who had been the wife of Cavins. The question made by appellant concerning the instruction arises in this manner: The prosecution introduced in evidence several letters written by appellant to Madeline, in which he addressed her as his wife or referred to himself as her husband. This was a part of the evidence designed to show that there had been a marriage between appellant and Madeline. Appellant insists that the evidence referred to in the trial court's instruction was proper for the consideration of the jury as tending to rebut the showing made by the letters. He says that, if believing that a meretricious relation had existed between Madeline and appellant, the jury might justly assume that the latter addressed the former as his wife and referred to himself as her husband only because of that relation and not because they were married. Appellant contends that the instruction took this question from the jury. We do not find it necessary to consider the particular question presented, in view of the provisions of section 4½ of article VI of the constitution, to the effect that no error in procedure shall cause the granting of a new trial in an action ''unless after an examination of the entire cause, including the evidence, the court shall be of the opinion that the error complained of has resulted in a miscarriage of justice.'' [8] We have examined this entire cause, including the evidence. If it be conceded, which we do not decide, that the instruction now before us was erroneously given, we are clearly of the opinion that the error did not result in a miscarriage of justice. No one could read the evidence without being positively convinced that there was a marriage between Madeline and appellant.

Other points are made by appellant but they are all disposed of by views which we have expressed above.

The appeal from the order denying motion for an arrest of judgment is dismissed.   Order denying motion for a new trial affirmed.   Judgment affirmed.

Finlayson, P. J., and Craig, J., concurred.