(May 28, 1926.)

STATE, Respondent, v. P. J. MAHERAS, Appellant.

[246 Pac. 304.]

CRIMINAL LAW — SEPARATION OF JURY — PREJUDICE PRESUMED FROM JURY'S SEPARATION.

Under C. S., sec. 9017, prejudice is presumed where jury in forgery prosecution separated after cause was submitted to them for consideration.

Publisher's Note.

Separation of the jury as prejudicial error, see notes in 43 Am. Dec. 80; 24 L. R. A., N. S., 778; 1 Ann. Cas. 287; Ann. Cas. 1914A, 737. See, also, 16 R. C. L. 309.

See Criminal Law, 17 C. J., sec. 3717, p. 355, n. 99.

APPEAL from the District Court of the Sixth Judicial District, for Bingham County. Hon. Ralph W. Adair, Judge.

Conviction of forgery. *Reversed and remanded.*

Thomas & Andersen and Peterson & Coffin, for Appellant.

A. H. Conner, Attorney General, and John W. Cramer, Assistant Attorney General, for Respondent.

PER CURIAM.—The Attorney General confesses error on the ground that after the cause was submitted to them for consideration the jury separated. The record shows that such was the situation and the prosecuting attorney made no counter-showing before the trial court. Prejudice is thereby presumed. (C. S., sec. 9017; *State v. Chacon,* 36 Ida. 148, 209 Pac. 889.) Therefore the cause is reversed and remanded with instruction to grant a new trial.