572 P.2d 882

STATE of Idaho, Plaintiff-Respondent,

v.

James F. JAGERS, Petitioner-Defendant, Appellant.

No. 12469.

Supreme Court of Idaho.

Dec. 28, 1977.

■■■■■■■■

Bert L. Osborn of Welch & Osborn, Payette, for petitioner-defendant, appellant.

Wayne L. Kidwell, Atty. Gen., James W. Blaine, Deputy Atty. Gen., Boise, for plaintiff-respondent.

PER CURIAM.

This is an appeal from a conviction following a plea of guilty to charges of robbery and assault with a deadly weapon. Defendant-appellant Jagers and another man, while carrying sawed off shotguns, held up and robbed a grocery store in Weiser, Idaho. They fled the store and were pursued by police and during that chase a gun battle ensued. Appellant was later arrested and brought before a magistrate's court where a robbery complaint was read and explained to him. Two days later he was returned to that court where an assault with a deadly weapon complaint was read and explained to him. At a later time the charges in both complaints were considered at a preliminary hearing. The transcript of that hearing clearly reflects that the court found sufficient probable cause to bind appellant over to the district court for trial on both charges. The information charging appellant with both robbery and assault with a deadly weapon was thereafter filed in the district court. Following the withdrawal of his initial plea of not guilty, appellant entered his plea of guilty to both charges. At that time appellant requested immediate sentencing, which was refused, and a presentence investigation was ordered. Thereafter a sentencing hearing was held and after consideration of the presentence report, sentence was imposed.

■ Appellant argues that the only written order binding him over for trial in the district court charged him only with robbery and the alleged absence of any written order binding him over for trial in the district court on the charge of assault with a deadly weapon invalidates his plea of guilty to that charge and the conviction thereon. We do not agree. It is clear that appellant appeared in magistrate court in response to complaints charging both offenses. Preliminary hearing was held on both charges pursuant to stipulation and that court found sufficient probable cause to bind the defendant over for trial in the district court on both charges and he orally ordered the appellant bound over. The reporter's transcript reflects that order and that transcript was certified by the magistrate as being correct.

An information was filed in the district court charging appellant with both offenses. We will not presume in the face of the clear record before us that the magistrate failed to issue a written order as is alleged by appellant. Further, at no time in the district court did appellant raise or assert the defect which he raises for the first time on appeal. *See State v. Main,* 37 Idaho 449, 216 P. 731 (1923). *See also Cobas v. Clapp,* 79 Idaho 419, 319 P.2d 475 (1957); *State v. Buchanan,* 73 Idaho 365, 252 P.2d 524 (1953).

■ Appellant's remaining assignments of error relate to the presentence report ordered by the district court. Appellant asserts errors in the presentence report and the imposition of consecutive sentences of life and two years, respectively, on the convictions of robbery and assault with a deadly weapon. Appellant's principal quarrel with the report is the indication therein of the number of felonies with which he had been previously charged. It is not clear from the report whether three or thirteen felonies had been committed, but as stated by the presentence investigator to the court at the time of sentencing, some of appellant's previous arrests had involved multiple count felonies. While there may be a question as to the number of felony arrests, the report indicates at least three previous felony convictions. We find no prejudice resulted from the alleged error, if indeed, error it was. Although afforded an opportunity at the sentencing hearing, appellant offered no explanation or denial of his previous felony record.

We find no abuse of direction in the district court's order that the sentences should run consecutively and commence at the expiration of the 29-year sentence appellant was presently serving. *State v. Drapeau*, 97 Idaho 685, 551 P.2d 972 (1976); I.C. § 18–308. In the defendant's own language as quoted in the presentence report, "I'll tell you one thing, if I do get sentenced to life, I'll parole out in five or six years and be just as bad or worse than I am now. I won't change." We have considered appellant's other assignment of error and find it to be without merit. The judgment of conviction is affirmed.